UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
PHYTO TECH CORP. d/b/a BLUE CALIFORNIA,

                          **Plaintiff,**

v.

GIVAUDAN SA,

                          **Defendant.**
------------------------------------------------x

Civil Action No. _____

COMPLAINT

Plaintiff Phyto Tech Corp. d/b/a Blue California ("Blue Cal") alleges as follows for its complaint against Givaudan SA ("Givaudan").

## PRELIMINARY STATEMENT

1. This is an action seeking appointment of a liquidating trustee to wind up BGN Tech LLC ("BGN") pursuant to the provisions of the Limited Liability Company Agreement of BGN Tech LLC Dated as of February 21, 2014 (the "BGN LLC Agreement") and 6 Del. C. § 18-802. Blue Cal and Givaudan are the sole members of BGN, which was dissolved on October 29, 2018, when Givaudan sent a notice of dissolution. The parties have agreed on the selection of Sherwood Partners, Inc. ("Sherwood") as the Liquidating Trustee but have been unable to agree on a voluntary process for winding up the company. Blue Cal therefore seeks an order confirming the appointment of Sherwood as Liquidating Trustee and court supervision over the wind up.

## THE PARTIES

2. Plaintiff Blue Cal is a California corporation with its principal place of business at 30111 Tomas, Rancho Santa Margarita, California 92688.

3. Defendant Givaudan SA is a company organized under the laws of Switzerland, with a principal place of business at 5, Chemin de la Parfumerie, 1214 Vernier, Switzerland.

4. Non-Party BGN Tech LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal office at 30111 Tomas, Rancho Santa Margarita, California 92688.

5. Givaudan and Blue Cal are the two members of BGN under the BGN LLC Agreement. A copy of the BGN LLC Agreement is attached as Exhibit A.[1] At all relevant times, Blue Cal has been a 51% owner of BGN, and Givaudan has been a 49% owner of BGN.

## JURISDICTION AND VENUE

6. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the action is between a citizen of a State and the subject of a foreign state and the amount in controversy is in excess of $75,000.

7. Givaudan is subject to personal jurisdiction in New York because Givaudan has consented to this Court's jurisdiction under the terms of the mandatory forum selection clause at Section 14.11 of the BGN LLC Agreement. Ex. A at § 14.11.

8. Venue is proper in this District because pursuant to Section 14.11 of the BGN LLC Agreement, any legal action, suit, or proceeding arising out of or relating to the agreement shall be instituted in any state or federal court in the State of New York located in the County of New York.

## FACTS

---

[1] Exhibit A is redacted in accordance with redactions previously stipulated between Givaudan and Blue Cal in related actions.

9. On February 21, 2014, Blue Cal and Givaudan executed the BGN LLC Agreement. Ex. A.

10. BGN was formed as a joint venture between Blue Cal and Givaudan for the express purpose of developing, manufacturing, marketing, and/or selling certain products. Ex. A, Preamble.

11. The BGN LLC Agreement established a Board of Directors (the "Board"), set at five members and containing the following: (i) two members designated by Givaudan (the "Givaudan Directors"); (ii) two members designated by Blue Cal (the "Blue Cal Directors"); and the individual serving as Chief Executive Officer of BGN (the "CEO Director"). BGN LLC Agreement, §7.02(a). The Board was invested with "full, exclusive and complete discretion, power and authority to manage, control, administer and operate the business and affairs of the Company and its Subsidiaries." Ex. A §7.01.

12. The BGN LLC Agreement also established that it was to be construed under the laws of the state of Delaware, and that any legal action, suit, or proceeding arising out of or relating to the Agreement would be instituted in any state or federal court in the State of New York. Ex. A §§14.10-11.

13. Blue Cal and Givaudan, along with non-parties Conagen Inc. and SweeGen, Inc., are currently engaged in multiple separate litigations relating to business disputes between the parties, including in the operation of BGN: two actions pending in the U.S. District Court for the Southern District of New York, Nos. 1:18-cv-06172 and 1:18-cv-03588, one action pending in the Supreme Court of the State of New York for the County of New York, Index No. 653038/2018 (the "New York State Action"), and one action pending in the Superior Court of the State of California for the County of Orange, Case No. 30-2018-00999862-CU-BC-CJC (the

"California State Action"). The state court actions are derivative actions brought by Givaudan in the name of BGN.

14. Article XIII of the BGN LLC Agreement provides the procedure for the dissolution and wind up of BGN, including the priority of distributions of BGN's assets to be administered by a liquidator chosen by the members. Ex. A at §§ 13.01-08.

15. The events of dissolution are defined in Section 13.01:

Section 13.01 Dissolution. Notwithstanding anything to the contrary contained herein, the Company shall be dissolved and its affairs wound up upon the first to occur of any of the following events:

(a) the consent of the Board pursuant to Section 7.06 or Section 7.09, as applicable;

(b) the entry of a decree of judicial dissolution under Section 18-802 of the Act;

(c) a Bankruptcy Event with respect to the Company;

(d) any Bankruptcy Event or Change of Control of a Member, its Controlling Affiliates or any other Affiliate that is a party to any Ancillary Agreement (such Member, the "Affected Member"), if the other Member (the "Non-Affected Member"), shall have delivered written notice of its election to terminate this Agreement at any time within sixty (60) days after becoming aware of such Bankruptcy Event or Change of Control, as applicable;

(e) at the election of any Member upon written notice to the other Members within thirty (30) days after the failure of the Resolution Representatives to resolve a dispute in respect of a Significant Matter within the period set forth in Section 14.08; or

(f) at the election of a non-breaching Member, if there has been a Material Breach of the Agreement by the other Member, which breach is not waived by non-breaching Member or cured by the breaching Member within sixty (60) days after receipt by breaching Member of written notice thereof from the non-breaching Member; provided, that the Member seeking to dissolve the Company pursuant to this Section 13.01(f) is not then in Material Breach of its obligations under this Agreement.

16. During wind up, Section 13.02 of the BGN LLC Agreement vests the power to act on behalf of BGN in a Liquidator, not the members:

> Upon the dissolution of the Company as provided in Section 13.01, the business and affairs of the Company shall be wound up by a liquidating trustee (a "Liquidator") chosen by the mutual agreement of Givaudan and Blue Cal. In performing its duties, the Liquidator is authorized to sell, assign, encumber or otherwise dispose of any or all of the assets of the Company and to wind up and liquidate the affairs of the Company in an orderly and business-like manner; provided, however, that, except as required under applicable law in order to satisfy any liabilities of the Company or its Subsidiaries to any creditors, the Liquidator shall not sell, distribute, exchange or otherwise dispose of the Contributed IP, Blue Cal Contributed IP, the Givaudan Contributed IP, the Blue Cal Background Licensed IP or the Blue Cal Future Licensed IP except in accordance with the provisions of Section 13.03 and Section 13.06 below. The Liquidator shall cause to be prepared and distributed to the Members a statement of the assets and liabilities of the Company (on a consolidated basis) as of the date of dissolution.

17. By letter dated October 28, 2018, Givaudan gave notice of dissolution pursuant to Section 13.01(e) and (f) of the BGN LLC Agreement. Ex. B. Blue Cal denies that it has breached the BGN LLC Agreement, justifying dissolution under Section 13.01(f); however, BGN has been dissolved pursuant to Section 13.01(e).

18. On December 20, 2018, Givaudan sued Blue Cal in the Southern District of New York, Civil Action No. 1:18-cv-12027-JGK, purporting to seek court assistance to compel selection of the Liquidator. Blue Cal notified Givaudan that the lawsuit was unnecessary. The parties agreed on the appointment of Sherwood Partners as the Liquidator, and Givaudan dismissed the action on May 3, 2019.

19. The parties have engaged in several rounds of negotiations regarding the mechanics of the wind up, with both parties making proposals to vary from the BGN LLC Agreement and create a liquidating trust to be administered by the Liquidator. While the negotiations have been ongoing, Givaudan has continued to prosecute the state derivative actions, even though it has no authority to do so during the wind up period.

20. On September 11, 2019, Blue Cal sent a letter to Givaudan, stating that unless it heard otherwise, Blue Cal would assume that the parties were at an impasse on the terms of a

liquidating trust agreement and seek court intervention. A copy of this letter is attached as Exhibit B. In addition, Blue Cal explained that, per the BGN LLC Agreement, "only the Liquidator has the power to prosecute and settle litigation in the name of BGN. Givaudan can no longer speak or act in the name of the dissolved company." Ex. B. at 2.

21. On September 20, 2019, Givaudan responded with a proposal that would permit it to maintain control of the New York and California State Court Actions, strip the Liquidator of discretion as to when to distribute funds and otherwise grant rights to Givaudan to which it is not entitled under the BGN LLC Agreement. Blue Cal has rejected the proposal.

22. All efforts to resolve the matter amicably have failed, and Blue Cal now seeks a Court order appointing Sherwood Partners as the Liquidator.

## COUNT I
## APPOINTMENT OF LIQUIDATOR PURSUANT TO 6 DEL. C. § 18-801(a)

23. Blue Cal incorporates each of the preceding paragraphs as if fully set forth herein.

24. BGN is a Delaware LLC created pursuant to the Delaware Limited Liability Company Act, 6 Del. C., Ch. 18.

25. A Delaware LLC "is dissolved and its affairs shall be wound up upon the first to occur" of one of the events described in 6 Del. C. § 18-801(a), including "[u]pon the happening of events specified in a limited liability company agreement." 6 Del. C. § 18-801(a)(2).

26. On October 29, 2018, Givaudan sent a notice of dissolution pursuant to Section 13.02 of the BGN LLC Agreement.

27. The notice effected dissolution under Section 13.01(e) of the BGN LLC Agreement, and BGN has been dissolved.

28. The administration of a dissolved LLC under Delaware law is governed by 6 Del. C. § 18-803, which permits the manager or members to wind up the company "[u]nless otherwise provided in a limited liability company agreement . . . ." 6 Del. C. § 18-1803(a)(3).

29. Section 13.02 of the BGN LLC Agreement provides for the joint selection of a Liquidating Trustee, who is the sole entity with the power to act on behalf of BGN following dissolution.

30. Givaudan proposed Sherwood Partners as the Liquidating Trustee, and Blue Cal has accepted the appointment of Sherwood Partners.

31. Upon information and belief, Sherwood Partners stands ready to accept the appointment, but cannot do so unless the Court issues an order delineating the duties of Sherwood Partners and the terms of payment, as is customary upon the appointment of a liquidating trustee under Delaware law.

32. Pursuant to 6 Del. C. § 18-803(a), upon good cause shown, the Court may appoint a liquidating trustee to carry out a wind up under the Court's supervision.

33. There is good cause to appoint a liquidating trustee. The BGN Agreement provides for the appointment of such a trustee, and the parties have been unable to agree on the terms of appointment. Without Court supervision, the parties will be unable to wind up BGN.

## **PRAYER FOR RELIEF**

WHEREFORE, Blue Cal respectfully requests the following relief:

A. That the Court enter an order appointing Sherwood Partners as the Liquidating Trustee under the BGN LLC Agreement with the customary powers of a liquidating trustee;

B. A declaration that the sole party entitled to act on behalf of BGN during wind up is the Liquidating Trustee;

C. Costs and expenses incurred and to be incurred by Blue Cal in connection with this action, including reasonable attorneys' fees; and

D. Such other relief as the Court deems equitable and just.

DATED: September 27, 2019

    /s/   Katherine A. Helm

Katherine A. Helm
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Tel. (212) 698-3500
khelm@dechert.com

Martin J. Black (*pro hac vice to be submitted*)
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel. (215) 994-4000
martin.black@dechert.com

*Attorneys for Plaintiff Phyto Tech Corp. d/b/a/ Blue California.*