# EXHIBIT B



Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
+1  215  994  4000  Main
+1  215  994  2222  Fax
www.dechert.com

**MARTIN J. BLACK**

martin.black@dechert.com
+1 215 994 2664  Direct
+1 215 655 2664  Fax

September 11, 2019

**VIA E-MAIL**

Christopher J. Belter, Esquire
Goldberg Segalla
711 3rd Avenue
Suite 1900
New York, NY  10017

Re:  BGN Dissolution

Dear Chris:

On October 29, 2018, Givaudan sent notice of its election to dissolve BGN pursuant to § 13.01 of the Limited Liability Company Agreement of BGN Tech LLC, dated as of February 21, 2014 (the "BGN Agreement").  BGN now stands dissolved, and the parties need to proceed to wind up the company's affairs.  I write to seek Givaudan's cooperation in expediting that process.

Delaware law provides a well-defined process for terminating an LLC.  The first step is dissolution, which can be triggered under conditions defined in an LLC agreement.  6 Del. C. § 18-801(a)(2).  Once an event of dissolution occurs, the LLC is said to be dissolved and enters the wind up phase, which is governed by 6 Del. C. § 18-803.  That provision provides, in relevant part:

> (b)  Upon dissolution of a limited liability company and until the filing of a certificate of cancellation as provided in §  18-203 of this title, <u>the persons winding up the limited liability company's affairs may, in the name of, and for and on behalf of, the limited liability company, prosecute and defend suits, whether civil, criminal or administrative, gradually settle and close the limited liability company's business</u>, dispose of and convey the limited liability company's property, discharge or make reasonable provision for the limited liability company's liabilities, and distribute to the members any remaining assets of the limited liability company, all without affecting the liability of members and managers and without imposing liability on a liquidating trustee.

6 Del. C. § 18-803(b).  Thus, following dissolution, the power to act in the name of an LLC vests, not in the members, but in "the persons winding up the limited liability's company's affairs", who



Christopher J. Belter, Esquire
September 11, 2019
Page 2

may act "for and on behalf of" the company, including by controlling the prosecution and defense of suits and otherwise settling the company's business.

Givaudan elected to dissolve BGN by notice dated October 29, 2018. The BGN Agreement provides that "[u]pon the dissolution of the Company as provided in Section 13.01, the business and affairs of the Company shall be wound up by a liquidating trustee (a "Liquidator") chosen by mutual agreement of Givaudan and Blue Cal." BGN Agreement, § 13.02. The provision is mandatory, and only the Liquidator has the power to prosecute and settle litigation in the name of BGN. Givaudan can no longer speak or act in the name of the dissolved company.

While the parties jointly selected a trustee, Sherwood Partners, they have been unable to reach agreement on the terms of a liquidating trust or the trustee's engagement. We provided comments on a proposed trust agreement on June 5, 2019, but have not heard back. It has been three months, and while there has been much needless litigation in the interim, there has been no progress on winding up BGN's affairs. Indeed, Givaudan has taken the position that it will not wind up BGN without also settling the New York litigation between Givaudan and Conagen, who are third parties to the BGN dissolution. This is unacceptable, and in fact, a breach of the BGN Agreement.

Unless we hear from Givaudan by Monday, we will assume that we are at an impasse and bring an action to compel appointment of Sherwood Partners as trustee. Having filed just such an action in December, we assume Givaudan will not oppose appointment of a liquidating trustee and court supervision of the process.

Sincerely,

Martin J. Black

MJB:ldl

Enclosure