UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PHYTO TECH CORP.
d/b/a BLUE CALIFORNIA,

                          Plaintiff,                      Civil Action No. 19-cv-09033

v.

GIVAUDAN SA,

                          Defendant.
_____

## DEFENDANT'S ANSWER TO COMPLAINT

       Defendant Givaudan SA ("Givaudan") responds as follows for its Answer to the Complaint of Plaintiff Phyto Tech Corp. d/b/a Blue California ("Blue Cal").

## PRELIMINARY STATEMENT

       1.     As to the allegations of Paragraph 1, Givaudan admits it sent a notice of the dissolution of BGN Tech LLC ("BGN") dated October 28, 2018 to Blue Cal, which speaks for itself; admits Blue Cal and Givaudan are the sole members of BGN; admits the parties have agreed on the selection of Sherwood Partners, Inc. ("Sherwood") as the Liquidating Trustee; and admits the parties have exchanged several draft versions of a "Liquidating Trust Agreement" concerning the liquidation of BGN but to date have not agreed on the terms of the same. Givaudan further states that to the extent the allegations assert legal conclusions, no response is required. Givaudan denies the balance of the allegations.

## PARTIES AND NATURE OF THE ACTION

       2.     Givaudan admits the allegations of Paragraph 2 upon information and belief.

       3.     Givaudan admits the allegations of Paragraph 3.

4.      Givaudan admits the allegations of Paragraph 4.

5.      Givaudan admits the allegations of Paragraph 5.

## JURISDICTION AND VENUE

6.      The allegations of Paragraph 6 state a legal conclusion to which no response is required.

7.      The allegations of Paragraph 7 state a legal conclusion to which no response is required.

8.      As to the allegations of Paragraph 8, Givaudan states that the BGN LLC Agreement speaks for itself. To the extent the allegations state a legal conclusion, no response is required. Givaudan denies the balance of the allegations.

## FACTS

9.      As to the allegations of Paragraph 9, Givaudan states that the BGN LLC Agreement speaks for itself and denies the balance of the allegations.

10.     As to the allegations of Paragraph 10, Givaudan states that the BGN LLC Agreement speaks for itself and denies the balance of the allegations.

11.     As to the allegations of Paragraph 11, Givaudan states that the BGN LLC Agreement speaks for itself and denies the balance of the allegations.

12.     As to the allegations of Paragraph 12, Givaudan states that the BGN LLC Agreement speaks for itself and denies the balance of the allegations.

13.     As to the allegations of Paragraph 13, Givaudan admits it is engaged in the actions pending in the U.S. District Court for the Southern District of New York, Nos. 1:18-cv-06172 and 1:18-cv-03588; the New York State Action; and the California State Action. Givaudan further admits the aforementioned actions concern business disputes between and among the parties to

those actions. To the extent the allegations state a legal conclusion, no response is required. Givaudan denies the balance of the allegations.

14.     As to the allegations of Paragraph 14, Givaudan states that the BGN LLC Agreement speaks for itself and denies the balance of the allegations.

15.     As to the allegations of Paragraph 15, Givaudan states that the BGN LLC Agreement speaks for itself and denies the balance of the allegations.

16.     As to the allegations of Paragraph 16, Givaudan states that the BGN LLC Agreement speaks for itself and denies the balance of the allegations.

17.     As to the allegations of Paragraph 17, Givaudan admits it sent a notice of the dissolution of BGN Tech LLC ("BGN") dated October 28, 2018 to Blue Cal which referenced the BGN LLC Agreement, both of which documents speak for themselves. To the extent the allegations state a legal conclusion, no response is required. Givaudan denies the balance of the allegations.

18.     As to the allegations of Paragraph 18, Givaudan admits it commenced the referenced action by filing a complaint, which speaks for itself; that Blue Cal's counsel characterized the action as unnecessary; that the parties agreed on the appointment of Sherwood Partners as the Liquidator; and that Givaudan voluntary dismissed the action on May 3, 2019. Givaudan denies the balance of the allegations.

19.     As to the allegations of Paragraph 19, admits the parties have exchanged several draft versions of a "Liquidating Trust Agreement" concerning the liquidation of BGN but to date have not agreed on the terms of the same. Givaudan further states that those drafts and the BGN LLC Agreement speak for themselves. Givaudan denies it lacks authority to prosecute the New

York State Action and the California State Action and further states no party in either of those actions has made any such contention. Givaudan denies the balance of the allegations.

20.     As to the allegations in Paragraph 20, Givaudan admits Blue Cal's counsel sent a letter dated September 11, 2019, admits a copy of the letter is attached as Exhibit B to the Complaint, and states that the letter speaks for itself. Givaudan denies the balance of the allegations.

21.     As to the allegations of Paragraph 21, Givaudan admits it sent a draft of the "Liquidating Trust Agreement" on September 20, 2019, states that the draft speaks for itself, states that the BGN LLC Agreement speaks for itself, admits Blue Cal rejected the draft, and denies the balance of the allegations.

22.     As to the allegations of paragraph 22, Givaudan admits the parties have exchanged several draft versions of a "Liquidating Trust Agreement" concerning the liquidation of BGN but to date have not agreed on the terms of the same and denies the balance of the allegations.

## COUNT 1
## APPOINTMENT OF LIQUIDATOR PURSUANT TO 6 DEL. C. §18-801(a)

23.     Givaudan repeats and realleges with the same force all aforesaid paragraphs referenced in Paragraph 23.

24.     Defendant admits the allegations of Paragraph 24.

25.     As to the allegations in Paragraph 25, Givaudan states that the cited statute speaks for itself and denies the balance of the allegations.

26.     As to the allegations of Paragraph 26, Givaudan admits it sent a notice of the dissolution of BGN Tech LLC ("BGN") dated October 28, 2018 to Blue Cal which referenced the BGN LLC Agreement, both of which documents speak for themselves. To the extent the

allegations state a legal conclusion, no response is required. Givaudan denies the balance of the allegations.

27.      As to the allegations in Paragraph 27, Givaudan states the BGN LLC Agreement speaks for itself. To the extent the allegations state a legal conclusion, no response is necessary. Givaudan denies the balance of the allegations.

28.      As to the allegations in Paragraph 28, Givaudan states that the cited statute speaks for itself and denies the balance of the allegations.

29.      As to the allegations in Paragraph 29, Givaudan states the BGN LLC Agreement speaks for itself. To the extent the allegations state a legal conclusion, no response is necessary. Givaudan denies the balance of the allegations.

30.      Givaudan admits the allegations of Paragraph 30.

31.      As to the allegations of Paragraph 31, Givaudan states that it also believes Sherwood Partners stands ready to accept the appointment. To the extent the allegations state a legal conclusion, no response is necessary. Givaudan denies the balance of the allegations.

32.      As to the allegations in Paragraph 32, Givaudan states that the cited statute speaks for itself and denies the balance of the allegations.

33.      As to the allegations of paragraph 33, Givaudan admits the parties have exchanged several draft versions of a "Liquidating Trust Agreement" concerning the liquidation of BGN but to date have not agreed on the terms of the same. Givaudan further states the BGN LLC Agreement speaks for itself. To the extent the allegations state a legal conclusion, no response is necessary. Givaudan denies the balance of the allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

34.     Plaintiff's Complaint fails to state a claim against Givaudan upon which relief can be granted.

### Second Affirmative Defense

35.     Upon information and belief, plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Third Affirmative Defense

36.     Upon information and belief, plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fourth Affirmative Defense

37.     Upon information and belief, plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Fifth Affirmative Defense

38.     Upon information and belief, plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

39.     Plaintiff failed to comply with the terms of the BGN LLC Agreement by breaching the implied warranty of good faith and fair dealing by acting unreasonably, which denied Givaudan the benefits owed to the Company under the Agreement.

### Seventh Affirmative Defense

40.     The BGN LLC Agreement authorizes Givaudan to prosecute the New York State Action and the California State Action notwithstanding any other provision of that agreement.

## Eighth Affirmative Defense

41.     Blue Cal cannot perform its obligations under the BGN LLC Agreement, ████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████ Givaudan is accordingly excused from its own

obligations thereunder.

## DEFENDANT'S COUNTERCLAIM AGAINST BLUE CAL

42.     Givaudan and Blue Cal are parties to the BGN LLC Agreement, dated February 21,

2014, under which they are the only two members of BGN. A copy of the BGN LLC Agreement

is attached as Exhibit A.[1]

43.     Non-party Conagen, Inc. ("Conagen") is a Massachusetts corporation with a

principal place of business at 13-15 Deangelo Drive, Bedford, Massachusetts 01730. Conagen is

in the business of researching and developing bio-manufacturing processes and techniques.

44.     Non-party Steven Chen is the chairman, CEO, and a director of BGN and has been

since BGN was formed. Mr. Chen has been president of Blue Cal since 1994. Mr. Chen is a trustee

and beneficiary of the Chen Family Living Trust. The Chen Family Living Trust is the majority

owner of Conagen and the sole owner of Blue Cal. Mr. Chen is a controlling and beneficial owner

of Blue Cal and Conagen.

---

[1] Per the Court's order of October 23, 2019 (Doc. No. 14) approving Givaudan's application of October 21, 2019 (Doc. No. 11), Exhibit A (an un-redacted version of the BGN LLC Agreement) is filed under seal, as are the redacted portions of this Answer, which refer and/or relate to provisions of the BGN LLC Agreement that are redacted in the version filed with the Complaint.

45.     On or about October 28, 2018, Givaudan sent a notice of the dissolution of BGN to Blue Cal. As Givaudan has previously stated and alleged, events of dissolution as to BGN have occurred per the terms of the BGN LLC Agreement.

46.     Blue Cal has likewise alleged events of dissolution, and the parties accordingly agree that events of dissolution have occurred.

47.     The BGN LLC Agreement's liquidation procedures provide Givaudan with certain rights as to the ████████████████ particularly in Section 13.07 thereof. <u>See</u> Ex. A at 50-53.

48.     "Blue Cal Contributed IP" ██████████████████████

████████████████

49.     "Blue Cal Contributed IP" ██████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████ <u>Id.</u> at 3.

50.     The "Blue Cal Initial Contributed IP" is addressed by Schedule E to the BGN LLC Agreement.

51.     Section 13.07(b)(ii)(1) of the BGN LLC Agreement specifically provides ███████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████ <u>Id.</u> at 51.

52.     ████████████████████████████████████

████████████████████████████████████████

███████████████████████████████ <u>Id.</u> at 5.

53.   ███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████ Id. at 6.

54.   The BGN LLC Agreement defines "Affiliate" as "any Person [which is defined to include legal entities] that directly or indirectly controls, is controlled by, or is under common control with the person in question, except that neither Member nor any Affiliate of any Member shall be deemed to be an Affiliate of any other Member solely by virtue of the Member's Membership Interest. . . ." Id. at 1.

55.   Conagen is an Affiliate of Blue Cal as defined under the BGN LLC Agreement, as Blue Cal itself alleged in Paragraph 16 (among others) of the Complaint it filed in Case 1:18-cv-06172, also pending before the U.S. District Court for the Southern District of New York.

56.   As such, any ███████████████████████████████████ under the BGN LLC Agreement.

57.   Upon the liquidation of BGN, Givaudan is entitled to ████████████ ██████████████████████████████████████████████████ ████████████████████████████

58.   Upon information and belief, Conagen has granted rights to a third party to manufacture and/or market ██████████████.

59.   Givaudan's belief in this regard is based on publicly available reports, accessed via the World Wide Web, as well as the third party's September 26, 2019 email to an officer of Givaudan announcing a ████████████████████████████████████████ ██████████████████████████

60.     In addition, on or about October 2, 2019, Mr. Steven Chen, apparently in his capacity as an agent of Conagen, emailed an officer of Givaudan stating "[t]he whole F/F [i.e., Flavors and Fragrances] biotech platform at Conagen probably will be bought soon."

61.     On October 16, 2019, counsel for Givaudan sent counsel for Blue Cal an email stating ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ █████████████████████████

62.     To date, Blue Cal has not replied.

<u>**AS AND FOR DEFENDANT'S FIRST COUNTERCLAIM:**</u>
<u>**BREACH OF CONTRACT**</u>

63.     Defendant repeats and incorporates by reference the allegations contained in the proceeding paragraphs as if set forth herein.

64.     Givaudan has fulfilled its obligations under, and is not in breach of, the BGN LLC Agreement.

65.     Under Section 13.07 of the BGN LLC Agreement, Blue Cal is required as a component of the BGN liquidation ████████████████████████████████ ████████████████████████████████████████████████ █████████████████████████

66.     Upon information and belief, Blue Cal is incapable of carrying out its obligations in liquidation due to the actions of Conagen, its Affiliate, as to Intellectual Property related to ██████████████.

67.     The publicly available information as to Conagen's agreement to grant rights related to █████████ to a third party (including that third party's own communication to Givaudan), combined with Blue Cal's lack of response to Givaudan's inquiry and demand for assurances, amounts to a positive and unequivocal manifestation of Blue Cal's inability and refusal to comply with Section 13.07 of the BGN LLC Agreement.

68.     Blue Cal has accordingly repudiated the BGN LLC Agreement.

69.     Blue Cal's repudiation of the BGN LLC Agreement has damaged Givaudan in an amount believed to exceed $1 million and to be proven particularly at trial.

## RESERVATION OF RIGHTS

Givaudan reserves the right to amend its Answer and to assert any additional defenses, claims of avoidance, counterclaims and third-party claims as may be appropriate on the facts or issues disclosed during additional investigation and discovery.

**WHEREFORE**, defendant Givaudan denies all remaining allegations not expressly admitted or responded to herein.  Defendant Givaudan respectfully requests judgment as follows:

a)      dismissing plaintiff's Complaint with prejudice;

b)      awarding Givaudan an amount to be proven at trial;

c)      awarding defendant Givaudan its costs incurred in this action, including reasonable attorneys' fees, costs, and disbursements; and

d)      granting such other, further and different relief as this Court may deem just and necessary.

**Dated**:        October 23, 2019
                Buffalo, New York

                                        **GOLDBERG SEGALLA LLP**

                          By:    /s Ryan Pitman
                                  Christopher J. Belter
                                  Ryan G. Pitman
                                  *Attorneys for Defendant*
                                  *Givaudan SA*
                                  711 3rd Avenue, Suite 1900
                                  New York, New York 10017-4013
                                  Phone:  646.292.8700
                                  Fax:     646.292.8701
                                  cbelter@goldbergsegalla.com
                                  rpitman@goldbergsegalla.com