USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 1-29-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
PHYTO TECH CORP. d/b/a BLUE CALIFORNIA,

                **Plaintiff,**

v.

GIVAUDAN SA,

                **Defendant.**
-------------------------------------------------

Civil Action No.
1:19-cv-09033

## ORDER REGARDING APPOINTMENT OF LIQUIDATING TRUSTEE

WHEREAS, on September 27, 2019, Phyto Tech Corp. d/b/a Blue California ("Blue Cal") filed suit seeking appointment of a liquidating trustee pursuant to 6 Del. C. § 18-803 to wind up the affairs of BGN Tech LLC ("BGN"), a limited liability company with members, Blue Cal and Givaudan SA ("Givaudan") (collectively "Members");

WHEREAS, BGN was dissolved upon Givaudan's notice of dissolution dated October 28, 2018, but has not been wound up, and there is good cause for the appointment of a liquidating trustee to carry out the wind up;

NOW, THEREFORE, this 28 day of January, 2020, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.    *Appointment of Liquidating Trustee.* Pursuant to 6 Del. C. § 18-803(a), Andrew De Camara of Sherwood Partners, Inc. ("Sherwood") is hereby appointed as the liquidating trustee of BGN (the "Liquidating Trustee") with the powers and duties specified in this Order and under 6 Del. C. § 18-803.

2.    *Acceptance and Term of Appointment of Liquidating Trustee.* The Liquidating Trustee shall file in this Court a written acceptance of the appointment. The Liquidating Trustee

shall serve at the pleasure of the Court, and the provisions of this Order shall remain in effect pending further order of the Court.

3. *General Powers of Liquidating Trustee.* The Liquidating Trustee shall have all the powers generally available to a trustee appointed pursuant to 6 Del. C. § 18-803 and to the persons winding up a dissolved limited liability company's affairs in accordance with 6 Del. C. § 18-803(b), unless the exercise of any said power would be inconsistent with any specific provision of this Order or any other Order entered by the Court in this action. Upon appointment, the Liquidating Trustee shall have full control and dominion over the dissolution and liquidation of BGN and shall have access to all books and records of BGN, subject to the terms of this Order.

4. *Authority to Act.* In addition to the general powers set forth in Paragraph 3, the Liquidating Trustee is authorized and empowered with the sole and exclusive authority to exercise all control, management and dominion over BGN. In performing its duties, the Liquidating Trustee is authorized to sell, assign, encumber or otherwise dispose of any or all of the assets of BGN and to wind up and liquidate the affairs of BGN in an orderly and business-like manner; provided, however, that, except as required under applicable law in order to satisfy any liabilities of BGN to any creditors, the Liquidating Trustee shall not sell, distribute, exchange or otherwise dispose of the Contributed IP, Blue Cal Contributed IP, the Givaudan Contributed IP, the Blue Cal Background Licensed IP or the Blue Cal Future Licensed IP, as those terms are defined in the BGN LLC Agreement, except in accordance with the provisions of Section 13.03 and Section 13.06 of the BGN LLC Agreement. The Liquidating Trustee shall cause to be prepared and distributed to the Members a statement of the assets and liabilities of BGN (on a consolidated basis) as of the date of dissolution. The Liquidating Trustee shall distribute the assets of BGN's in conformance with Section 13.03 of the BGN LLC Agreement, provided that such distributions shall be made upon notice to the parties and approval of the Court. The Liquidating Trustee's powers shall include the power (a) to initiate, prosecute, defend, or dismiss any and all pending and future litigation by or on behalf of BGN, including, but not limited to any litigation or

administrative matter with any government or regulatory entity; (b) to engage in business discussions, negotiate to modify agreements, and/or resolve any disputes with any third party as appropriate in the Liquidating Trustee's sole discretion; (c) to implement and confirm or ratify any prior transactions approved by the BGN board of managers; (d) to wind up the affairs of BGN in accordance with the terms of the Delaware Limited Liability Company Act (the "Act") and the BGN LLC Agreement; and (e) to execute and/or deliver, or cause to be executed and/or delivered, all assignments, instruments, pleadings, and documents necessary to carry out the Liquidating Trustee's duties as outlined in this Order. The Liquidating Trustee may continue or terminate the services to BGN of anyone, including, as applicable, present employees and members, for the continued efficient and orderly operation of BGN during the winding-up period. The Liquidating Trustee also shall have authority, but shall not be required, to petition this Court for instructions from time to time. Nothing in this Paragraph 4 shall in anyway curtail the Liquidating Trustee's powers under Paragraph 3 of this Order and 6 Del. C. § 18-803(b). The Liquidating Trustee may seek to modify the terms of this Order by application to the Court, including by seeking supplemental authority, for good cause shown. For the avoidance of doubt, the powers and authority enumerated in Paragraphs 3 and 4 of this Order shall vest in the Liquidating Trustee immediately upon written acceptance of his appointment, which should be filed with the Court promptly.

5. *Waiver of Duties.* The Liquidating Trustee shall not be required to post a bond. In lieu of these provisions, the Liquidating Trustee shall provide quarterly interim summary reports to the Court following the date of this Order, until the winding up is complete. The Liquidating Trustee will file such interim reports with the Court, with copies to counsel of record for the parties in this action.

6. *Consultation with Members.* The Liquidating Trustee may, to the extent deemed practical or necessary in his sole discretion, consult with the managers, members, or other parties in interest of BGN (collectively, the "BGN Stakeholders") and/or their representatives with respect to

winding up of BGN, but shall not be subject to their direction or control, and shall not be required to take any course of action the BGN Stakeholders otherwise would or would not take. The Liquidating Trustee may periodically confer with the BGN Stakeholders and/or their representatives by teleconference or in person, and, at the Liquidating Trustee's sole discretion, may meet with the BGN Stakeholders and/or their representatives individually or together. At any time, any BGN Stakeholder may request assistance or action from the Liquidating Trustee. Conferences between the Liquidating Trustee and BGN Stakeholders shall occur at such intervals as the Liquidating Trustee requests or otherwise deems appropriate. The BGN Stakeholders, BGN, and their employees and agents shall cooperate with the Liquidating Trustee to wind up BGN and distribute BGN's assets as required by this Order, any other order of this Court and applicable law.

7. *Presumptions; Good Faith Reliance.* All actions taken by the Liquidating Trustee pursuant to this Order shall be presumed to be taken on an informed basis, in good faith, and in the honest belief that such actions taken were in the best interests of BGN. In causing BGN to take action, the Liquidating Trustee shall be fully protected to the fullest extent permitted by 6 Del. C. § 18-406 in relying in good faith upon the records of BGN and upon information, opinions, reports or statements presented by the managers, members, an officer or employee of BGN, or by any other person as to matters the Liquidating Trustee reasonably believes are within such other person's professional or expert competence, including information, opinions, reports or statements as to contracts, agreements or other undertakings that would be sufficient to pay claims and obligations of BGN or to make reasonable provision to pay such claims and obligations, or any other facts pertinent to the winding up of BGN. Any actions by the Liquidating Trustee may be challenged in this Court, but shall be subject to reversal only after a finding by the Court that the Liquidating Trustee abused his discretion.

8. *Indemnification/Advancement and Exculpation.* The appointment of the Liquidating Trustee hereunder shall be binding upon the officers, managers, employees, directors and members of BGN. The Liquidating Trustee shall have no liability to BGN, its managers, its

members, or any other person for acts taken in good faith pursuant to this Order, and none of the members, nor any other person purporting to act as a director, manager, officer, employee, advisor or member of BGN shall institute any legal proceeding other than in this Court challenging any action, recommendation, or decision by the Liquidating Trustee in performing the duties hereunder. The Liquidating Trustee shall be entitled to all protection, limitation from liability, and immunity available at law or in equity to a Court-appointed Liquidating Trustee including, without limitation, all protection, limitation from liability, and immunity provided by the indemnification provisions of applicable law. Expenses, including attorneys' fees, incurred by the Liquidating Trustee in defending any civil, criminal, administrative or investigative action, suit or proceeding arising by reason of or in connection with the Liquidating Trustee's designation as Liquidating Trustee for BGN, or in the performance of the duties hereunder, shall be paid by BGN, in advance of the final disposition of such action, suit or proceeding subject to the repayment of such amount if it shall be ultimately determined by this Court that the Liquidating Trustee is not entitled to be indemnified under applicable Delaware law. The Liquidating Trustee, in his or her sole discretion, may purchase appropriate and customary insurance, with the premiums for such insurance to be paid with the assets of BGN.

9. *Cancellation.* Upon completion of the winding up of BGN and the distribution of the proceeds of dissolution pursuant to the BGN LLC Agreement, the Liquidating Trustee shall submit a final report to this Court. Once the Court approves the final report, the Liquidating Trustee shall execute and file a certificate of cancellation of BGN in the Office of the Secretary of State of the State of Delaware.

10. *Compensation of the Liquidating Trustee. Fees.* The Liquidating Trustee shall be entitled to its fees ("Fees") equal to Sherwood's then applicable hourly rates (reduced by a 10% discount). Andrew De Camara's currently applicable hourly rate (as discounted) will be $500 per hour. Other Sherwood professional member discounted hourly rates will be between $300 and $500 per hour. Sherwood's back-office accounting services will be billed at a discounted hourly

rate of $150 per hour. Sherwood will invoice BGN for its services on a monthly basis. Sherwood will provide a copy of its monthly invoice to the Members for their review. If the Members have any objections to the monthly invoice, they must provide notice of objection to the Liquidating Trustee within 10 business days of receipt of the invoice. At that time, the Liquidating Trustee and the Members will discuss and attempt to resolve any objection. If no objection is received by Sherwood within the 10 business day timeframe, the Liquidating Trustee will pay its' monthly invoice.

11.     *Authority to Retain Advisors.* The Liquidating Trustee, in his or her sole discretion, may retain counsel or other professionals and/or advisors to advise the Liquidating Trustee with respect to his or her duties under this Order, the Act, and the BGN LLC Agreement. The Liquidating Trustee is authorized to utilize the services of professionals from a law firm, subject to notice to the Members and appointment by the Court, and may use such attorneys as counsel at their customary hourly rates. A Member shall file any objection with the Court to the retention of any such advisor within 7 days of such notice. The fees and expenses of any advisors retained by the Liquidating Trustee shall be paid by BGN from the assets of BGN.

12.     *Continuation and Reservation of Jurisdiction.* The Court reserves jurisdiction over this matter and to consider any applications that the Liquidating Trustee may make for the Court's assistance in addressing any problems encountered by the Liquidating Trustee in performing his or her duties hereunder and any applications by any party arising out of or related to any action or decision of the Liquidating Trustee or any of his or her agents.

13.     *Settlement.* If the parties in this action reach a settlement regarding the dissolution of BGN ("Settlement"), the parties shall promptly inform the Liquidating Trustee. If the Liquidating Trustee determines, in his sole discretion, that such settlement is in the best interests of the BGN Stakeholders, he may, in his sole discretion, seek Court approval of such settlement and, as appropriate, the termination of his rights and obligations under this Order.

So ordered,

1/28/20     *[signature]* / U.S.D.J.