UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
PHYTO TECH CORP. d/b/a/ BLUE CALIFORNIA,  :
:
                                     **Plaintiff,**      :      C.A. No. 19-cv-09033
:
v.                                                         :
:
**GIVAUDAN SA,**                                   :
:
                                     **Defendant.**     :
:
------------------------------------------------------- x

### PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

      Plaintiff Phyto Tech Corp. d/b/a/ Blue California ("Blue Cal" or "Plaintiff") hereby sets forth its Answer to the Counterclaim of Defendant Givaudan SA ("Givaudan" or "Defendant") as follows:

### NATURE OF THE ACTION

      42.      Plaintiff admits that Exhibit A purports to be a copy of the BGN LLC Agreement. Plaintiff further admits that Blue Cal and Givaudan are parties to the BGN LLC Agreement, dated February 21, 2014, and that Blue Cal and Givaudan are the members of BGN.

      43.      Plaintiff admits the allegations of Paragraph 43.

      44.      Plaintiff admits the allegations of Paragraph 44.

      45.      Plaintiff admits that, by letter dated October 28, 2018, Givaudan gave notice of dissolution of BGN. Except as expressly admitted, Plaintiff denies the remaining allegations of Paragraph 45.

      46.      Plaintiff admits the allegations of Paragraph 46.

47. Plaintiff states that the BGN LLC Agreement speaks for itself. Plaintiff denies the remaining characterizations and allegations of Paragraph 47.

48. Plaintiff states that the BGN LLC Agreement speaks for itself. Plaintiff denies the remaining characterizations and allegations of Paragraph 48.

49. Plaintiff states that the BGN LLC Agreement speaks for itself. Plaintiff denies the remaining characterizations and allegations of Paragraph 49.

50. Plaintiff states that the BGN LLC Agreement speaks for itself. Plaintiff denies the remaining characterizations and allegations of Paragraph 50.

51. Plaintiff states that the BGN LLC Agreement speaks for itself. Plaintiff denies the remaining characterizations and allegations of Paragraph 51.

52. Plaintiff states that the BGN LLC Agreement speaks for itself. Plaintiff denies the remaining characterizations and allegations of Paragraph 52.

53. Plaintiff denies the allegations of Paragraph 53.

54. Plaintiff states that the BGN LLC Agreement speaks for itself. Plaintiff denies the remaining characterizations and allegations of Paragraph 54

55. Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits the allegations of Paragraph 55.

56. Paragraph 56 states legal conclusions to which no response is required. To the extent a response is required. Plaintiff denies the allegations of Paragraph 56.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required. Plaintiff denies the allegations of Paragraph 57.

58. Plaintiff denies the allegations of Paragraph 58.

59. Plaintiff is without sufficient knowledge to admit or deny the allegations of Paragraph 59, and thus denies them.

60. Plaintiff admits that Mr. Steven Chen sent an email on October 2, 2019 and that that email contained the quoted language. Except as expressly admitted, Plaintiff denies the remaining characterizations and allegations of Paragraph 60.

61. Plaintiff admits that counsel for Defendant sent counsel for Plaintiff an email on October 16, 2019 relating to the BGN LLC Agreement and states that that email speaks for itself. Except as expressly admitted, Plaintiff denies the remaining characterizations and allegations of Paragraph 61.

62. Plaintiff denies the allegations of Paragraph 62.

## DEFENDANT'S FIRST COUNTERCLAIM
## BREACH OF CONTRACT

63. Plaintiff incorporates by reference its responses to each of the preceding paragraphs. Except as expressly admitted above, Plaintiff denies any remaining allegations of the preceding paragraphs as if fully set forth herein.

64. Paragraph 64 states legal conclusions to which no answer is required. To the extent an answer is required, Plaintiff denies the allegations of Paragraph 64.

65. Plaintiff states that the BGN LLC Agreement speaks for itself. Plaintiff denies the remaining characterizations and allegations of Paragraph 65.

66. Plaintiff denies the allegations of Paragraph 66.

67. Plaintiff denies the allegations of Paragraph 67.

68. Plaintiff denies the allegations of Paragraph 68.

69. Plaintiff denies the allegations of Paragraph 69.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Defendant's Counterclaim fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff has fully performed any and all contractual, statutory, and other duties owed to Defendant.

**Third Affirmative Defense**

Defendant has waived any claim against Plaintiff because Defendant has breached the BGN LLC Agreement, and Defendant is therefore estopped from bringing its counterclaim.

**Fourth Affirmative Defense**

Defendant's claim is barred against Plaintiff because Defendant has breached the covenant of good faith and fair dealing.

**Fifth Affirmative Defense**

Defendant's claims are barred against Plaintiff by the doctrine of unclean hands.

**Sixth Affirmative Defense**

Defendant's claim is barred against Plaintiff because Defendant has failed to comply with its obligations under the BGN LLC Agreement to timely and properly to exhaust all necessary prerequisites to assert the claim.

**Seventh Affirmative Defense**

Defendant's claims are barred against Plaintiff because Defendant does not have standing to assert the claim as alleged.

**Eighth Affirmative Defense**

Defendant's claims are barred against Plaintiff by the doctrine of *in pari delicto*.

**Ninth Affirmative Defense**

Defendant's claims are barred because no act or omission by Plaintiff, or by any person or entity for which Plaintiff was responsible, was the cause of any injury in fact, damages, or loss of money or property alleged by Defendant.

### Tenth Affirmative Defense

Defendant's claims are barred because no act or omission by Plaintiff, or by any person or entity for which Plaintiff was responsible, was the proximate cause of any injury or harm alleged by Defendant.

### Eleventh Affirmative Defense

Defendant's claims are barred against Plaintiff because Defendant has failed to engage in arbitration of its claims as required by the BGN LLC Agreement.

### Twelfth Affirmative Defense

Defendant's claims are barred against Plaintiff due to failure of consideration.

### PRAYER FOR RELIEF

Plaintiff denies all remaining allegations not expressly admitted or responded to herein. Plaintiff further denies that Defendant is entitled to the relief requested, or to any relief whatsoever. Plaintiff prays for relief as follows:

A. Entry of judgment in favor of Plaintiff and against Defendant with respect to Defendant's Counterclaim;

B. Dismissal of Defendant's Counterclaim with prejudice;

C. An award to Plaintiff of its attorneys' fees, costs, and expenses; and

      D.      Such other relief as the Court deems equitable and just.

DATED:  February 14, 2020

                                                                                                */s/ Katherine A. Helm*

                                                       Katherine A. Helm
                                                       DECHERT LLP
                                                       Three Bryant Park
                                                       1095 Avenue of the Americas
                                                       New York, NY 10036
                                                       Tel. (212) 698-3500
                                                       khelm@dechert.com

                                                       Martin J. Black (*pro hac vice*)
                                                       Cira Centre
                                                       2929 Arch Street
                                                       Philadelphia, PA 19104
                                                       Tel. (215) 994-4000
                                                       martin.black@dechert.com

                                                       *Attorneys for Phyto Tech Corp. d/b/a Blue California.*