UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
PHYTO TECH CORP. d/b/a BLUE CALIFORNIA,

                    Plaintiff,              Civil Action No.
                                                 1:19-cv-09033-JGK

v.

GIVAUDAN SA,

                    Defendant.
-----------------------------------------------------------------

## LIQUIDATING TRUSTEE'S SECOND INTERIM SUMMARY REPORT

Andrew De Camara, not individually but solely in his capacity as the Court-appointed liquidating trustee (the "Trustee") of BGN Tech LLC ("BGN"), pursuant to the *Order Regarding Appointment of Liquidating Trustee* [Dkt. No. 44] (the "Appointment Order") entered by this Court on January 28, 2020, hereby submits this Second Interim Summary Report (this "Report") to update the Court regarding the status of the wind down of BGN.

## Report

**A.    General Background.**

1.    On September 27, 2019, Phyto Tech Corp. d/b/a Blue California ("Blue Cal") filed the above-captioned action seeking the appointment of a liquidating trustee pursuant to 6 Del. C. § 18-803 to wind up the affairs of BGN, a Delaware limited liability company with Blue Cal and Givaudan SA ("Givaudan", and together with Blue Cal, the "Members") as its members.

2.    On January 28, 2020, the Court entered the Appointment Order, appointing the Trustee to wind up BGN. The Trustee filed the *Acceptance of Appointment of Liquidating Trustee* [Dkt. No. 48] on February 3, 2020.

B.  **Updates Regarding Company's Cash.**

3. On November 25, 2020, the Trustee filed the *Liquidating Trustee's First Interim Summary Report* [Dkt. No. 72], in which he advised the Court that Blue Cal had pledged BGN's main bank account at East West Bank (the "Encumbered Account"), holding approximately $10.1 million, as collateral for a $10 million revolving loan from East West Bank to Blue Cal. A separate, unencumbered East West Bank account (the "Unencumbered Account", and together with the Encumbered Account, the "Accounts") held approximately $469,412.

4. On December 21, 2020, the Trustee filed the *Liquidating Trustee's Motion for Control of Accounts and Turnover of Unencumbered Funds* [Dkt. No. 74] (the "Turnover Motion"), requesting that the Court authorize the Trustee to (i) take control of the Accounts, (ii) transfer the cash in the Unencumbered Account to a new, segregated account within his control, and (iii) upon the release of East West Bank's lien on the Encumbered Account, transfer the cash in the Encumbered Account to the same Trustee-controlled account such that all BGN funds would reside in one account.

5. The Court granted the Turnover Motion on December 30, 2020 [Dkt. No. 77], and in January 2021, the Trustee transferred the cash in the Unencumbered Account to a separate account at East West Bank (the "Trustee Account").

6. On or around February 15, 2021, East West Bank released its lien on the Encumbered Account, and the remaining approximately $10.1 million was transferred to the Trustee Account. Accordingly, the Trustee has obtained full control over BGN's cash.

C.  **Intellectual Property Matters.**

7. Since obtaining control of BGN's cash, the Trustee has focused on assessing intellectual property matters that must be resolved in connection with BGN's dissolution.

8. BGN's limited liability company agreement requires that the Members execute a license agreement to govern certain intellectual property rights related to BGN upon its dissolution. Accordingly, with the assistance of his legal counsel, the Trustee has concentrated his recent efforts on preparing this license agreement (the "License").

9. The draft License prepared by the Trustee has been shared with each of the Members and their respective counsels. The Trustee has received comments to the License from one Member and anticipates an update from the other Member in the near term.

10. The Trustee hopes and expects that the Members will negotiate the License in good faith, and intends to continue working diligently to obtain a result that will satisfy and be beneficial to each of them.

WHEREFORE, the Liquidating Trustee respectfully submits this Second Interim Summary Report.

Dated: June 30, 2021

Respectfully submitted,

*/s/David A. Crichlow*
KATTEN MUCHIN ROSENMAN LLP
David A. Crichlow
575 Madison Avenue
New York, NY 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8876
Email: david.crichlow@katten.com

-and-

Peter A. Siddiqui (*pro hac vice* application pending)
Allison E. Yager (*pro hac vice* application pending)
525 W. Monroe Street

Chicago, IL 60661
Telephone: (312) 902-5200
Facsimile: (312) 902-1061
Email: peter.siddiqui@katten.com
allison.yager@katten.com

*Counsel for the Liquidating Trustee*

# Certificate of Service

I hereby certify that on June 30, 2021, I electronically filed the foregoing *Liquidating Trustee's Second Interim Summary Report* with the Clerk of the United States District Court, Southern District of New York using the CM/ECF system, which would then electronically notify all CM/ECF participants on this case.

    */s/ David Crichlow*
    David Crichlow

US_149442380v1