UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
PHYTO TECH CORP. d/b/a BLUE CALIFORNIA,

                              Plaintiff,                    Civil Action No.
                                                                           1:19-cv-09033-JGK

v.

GIVAUDAN SA,

                              Defendant.
-------------------------------------------------------------------

## LIQUIDATING TRUSTEE'S THIRD INTERIM SUMMARY REPORT

Andrew De Camara, not individually but solely in his capacity as the Court-appointed liquidating trustee (the "Trustee") of BGN Tech LLC ("BGN"), pursuant to the *Order Regarding Appointment of Liquidating Trustee* [Dkt. No. 44] (the "Appointment Order") entered by this Court on January 28, 2020, hereby submits this *Third Interim Summary Report* (this "Report") to update the Court regarding the status of the wind down of BGN.

## Report

1. On September 27, 2019, Phyto Tech Corp. d/b/a Blue California ("Blue Cal") filed the above-captioned action seeking the appointment of a liquidating trustee pursuant to 6 Del. C. § 18-803 to wind up the affairs of BGN, a Delaware limited liability company with Blue Cal and Givaudan SA ("Givaudan", and together with Blue Cal, the "Members") as its members.

2. On January 28, 2020, the Court entered the Appointment Order, appointing the Trustee to wind up BGN. The Trustee filed the *Acceptance of Appointment of Liquidating Trustee* [Dkt. No. 48] on February 3, 2020.

3. The Trustee filed the *Liquidating Trustee's First Interim Summary Report* [Dkt. No. 72] on November 25, 2020, which focused on the Trustee's efforts to gain control over BGN's accounts and cash, and the *Liquidating Trustee's Second Interim Summary Report* [Dkt. No. 81] (the "Second Status Report") on June 30, 2021, which described the Trustee's plans to assess certain intellectual property matters related to BGN.

4. As described in the Second Status Report, BGN's limited liability company agreement requires that the Members execute a license agreement to govern certain intellectual property rights related to BGN upon its dissolution. Accordingly, with the assistance of his legal counsel, the Trustee prepared a license agreement (the "License") which, prior to the filing of the Second Status Report, was shared with each of the Members and their respective counsels.

5. At this time, the central issue preventing the Members from reaching an agreement with respect to the License and the dissolution of BGN relates to the division between the Members of certain intellectual property and the rights related thereto (collectively, the "Intellectual Property"). The division of the Intellectual Property will be set forth in a schedule to the License.

6. The Trustee has engaged in significant efforts to coordinate a resolution of this disagreement between the Members, including by facilitating the exchange of drafts of the License and related schedules to move toward a License that is fair and reasonable. Trustee provided a first draft of a shell License for the Members to consider. Earlier in the year, one Member provided a revised draft License and schedules. Over a period of weeks, the other Member then provided responses to individual parts of the License and schedules, ultimately providing all parts to the Trustee by mid-October, 2021.

7. In the same timeframe, the Trustee was informed by the Members' respective counsels that the Members intended to participate in a mediation of the disputes pending between them in California state court (California Superior Court for Orange County Case No. 30-2018-00999862) in early November, 2021. One Member informed the Trustee that it would attempt to reach a global resolution of all issues between them, including the issues related to the License and dissolution of BGN.

8. Accordingly, the Trustee awaited the outcome of that mediation effort, to see if the mediation process ultimately resolved the primary sticking issue impeding the wind up of BGN. On November 19, 2021, the Trustee was informed that the mediation occurred and has not been successful to date. The Trustee understands that the parties may still be in communication with the mediator, and may still work toward a resolution of several matters related to this action, as well as the agreed upon distribution of the IP assets pursuant to the post-dissolution License.

9. However, as mentioned above, to date, the Members have been unable to agree on a compromise. The Trustee has proposed to the Members that one Member turn the draft License, including all schedules, by December 8, 2021, and that the other Member then provide another set of comments by December 22, 2021. The Trustee plans to meet with the Members in mid-January to discuss any issues related to the License that remain outstanding at that time.

10. The Trustee is hopeful that the proposed post-dissolution License either leads to a reasonable compromise on the Intellectual Property distribution dispute, paving the way for an orderly wind up, or at least narrows the dispute to a discreet set of scope and issues that can be addressed in a direct manner and lead to efficient resolution of the current dispute. Nevertheless, in the event the Members cannot make progress in reaching agreement on the terms of a post-dissolution License governing the Intellectual Property and the other terms regarding the

dissolution of BGN by January 31, 2022, the Trustee intends to make his own determination, based on the legal recommendations of its legal counsel, and any other professionals that it deems appropriate. In that event, the Trustee will submit a proposal and recommendation to the Court for its approval recommending the scope and terms of the dissolution of BGN, including a form of a post-dissolution License and schedule governing the division of the Intellectual Property between the Members, that the Trustee deems to be in accord with the applicable agreements and corporate governance documents governing the dissolution of BGN.

WHEREFORE, the Liquidating Trustee respectfully submits this Third Interim Summary Report.

Dated: December 6, 2021

Respectfully submitted,

*/s/David A. Crichlow*
KATTEN MUCHIN ROSENMAN LLP
David A. Crichlow
575 Madison Avenue
New York, NY 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8876
Email: david.crichlow@katten.com

-and-

Peter A. Siddiqui (*pro hac vice* application pending)
Allison E. Yager (*pro hac vice* application pending)
525 W. Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Facsimile: (312) 902-1061
Email: peter.siddiqui@katten.com
   allison.yager@katten.com

*Counsel for the Liquidating Trustee*

## Certificate of Service

I hereby certify that on December 6, 2021, I electronically filed the foregoing *Liquidating Trustee's Third Interim Summary Report* with the Clerk of the United States District Court, Southern District of New York using the CM/ECF system, which would then electronically notify all CM/ECF participants on this case.

*/s/ David Crichlow*
David Crichlow