UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
PHYTO TECH CORP. d/b/a BLUE CALIFORNIA,

                   Plaintiff,                   Civil Action No.
                                                    1:19-cv-09033-JGK

v.

GIVAUDAN SA,

                   Defendant.
-----------------------------------------------------------------

## LIQUIDATING TRUSTEE'S FOURTH INTERIM SUMMARY REPORT

Andrew De Camara, not individually but solely in his capacity as the Court-appointed liquidating trustee (the "Trustee") of BGN Tech LLC ("BGN"), pursuant to the *Order Regarding Appointment of Liquidating Trustee* [Dkt. No. 44] (the "Appointment Order") entered by this Court on January 28, 2020, hereby submits this *Fourth Interim Summary Report* (this "Report") to update the Court regarding the status of the wind down of BGN.

### Report

1. On September 27, 2019, Phyto Tech Corp. d/b/a Blue California ("Blue Cal") filed the above-captioned action seeking the appointment of a liquidating trustee pursuant to 6 Del. C. § 18-803 to wind up the affairs of BGN, a Delaware limited liability company with Blue Cal and Givaudan SA ("Givaudan", and together with Blue Cal, the "Members") as its members.

2. On January 28, 2020, the Court entered the Appointment Order, appointing the Trustee to wind up BGN. The Trustee filed the *Acceptance of Appointment of Liquidating Trustee* [Dkt. No. 48] on February 3, 2020.

3. The Trustee filed the *Liquidating Trustee's First Interim Summary Report* [Dkt. No. 72] on November 25, 2020, which focused on the Trustee's efforts to gain control over BGN's accounts and cash, and the *Liquidating Trustee's Second Interim Summary Report* [Dkt. No. 81] on June 30, 2021, which described the Trustee's plans to assess certain intellectual property matters related to BGN. On December 6, 2021, the Trustee filed the Liquidating Trustee's Third Interim Summary Report [Dkt. No. 82] (the "Third Status Report").

4. As described in the Third Status Report, BGN's limited liability company agreement requires that the Members execute a license agreement to govern certain intellectual property rights related to BGN upon its dissolution. Accordingly, with the assistance of his legal counsel, the Trustee prepared a license agreement (the "License") which was shared in late 2021 with each of the Members and their respective counsel.

5. At the time of the filing of the Third Status Report, the central issue preventing the Members from reaching an agreement with respect to the License and the dissolution of BGN relates to the division between the Members of certain intellectual property and the rights related thereto (collectively, the "Intellectual Property"). The division of the Intellectual Property will be set forth in a schedule to the License.

6. The Trustee has engaged in significant efforts to coordinate a resolution of this disagreement between the Members, including by facilitating the exchange of drafts of the License and related schedules to move toward a License that is fair and reasonable.

7. The Trustee received comments to the proposed License from each of the Members in January and February 2022. Following the Trustee's receipt and assessment of such comments, the Trustee's counsel met with counsel for each of the Members, requesting that the Members provide the legal bases supporting their respective divergent positions regarding the

License, as well as any factual issues that each Member believed the Trustee should consider. The Trustee received submissions regarding the Member's legal and factual positions on February 25, 2022.

8. Based on the Members' submissions, his analysis of the LLC Agreement and the Intellectual Property, the advice and recommendations of legal counsel, and the Members' inability to reach resolution of the disputed matters on their own after several years, the Trustee will propose to the Members a compromised wind-up procedure in early to mid-April on a "take it or leave it basis" with no invitation for further negotiation toward resolution. If the Members do not agree to the Trustee's proposal, the Trustee intends to invoke his power and authority pursuant to the Appointment Order and file a motion with the Court requesting the approval of dissolution terms the Trustee believes to be fair and reasonable based on the facts and law. The Trustee's proposal may include the same or different terms he intends to offer as a compromise to the Members prior to filing any such motion.

9. The Trustee remains hopeful that the Members will take a reasonable approach and determine that the compromise to be proposed by the Trustee is the best outcome for each of them. However, in the event the Members do not agree to the Trustee's proposed resolution, the Trustee will submit a formal proposal and recommendation to the Court for its approval recommending the scope and terms of the dissolution of BGN, including a form of a post-dissolution License and schedule governing the division of the Intellectual Property between the Members, that the Trustee deems to be in accord with the applicable agreements and corporate governance documents governing the dissolution of BGN.

WHEREFORE, the Liquidating Trustee respectfully submits this Fourth Interim Summary Report.

Dated: April 4, 2022

Respectfully submitted,

*/s/David A. Crichlow*
KATTEN MUCHIN ROSENMAN LLP
David A. Crichlow
575 Madison Avenue
New York, NY 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8876
Email: david.crichlow@katten.com

-and-

Peter A. Siddiqui (*pro hac vic*e application pending)
Allison E. Yager (*pro hac vice* application pending)
525 W. Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
Facsimile: (312) 902-1061
Email: peter.siddiqui@katten.com
       allison.yager@katten.com

*Counsel for the Liquidating Trustee*

## Certificate of Service

      I hereby certify that on April 4, 2022, I electronically filed the foregoing *Liquidating Trustee's Fourth Interim Summary Report* with the Clerk of the United States District Court, Southern District of New York using the CM/ECF system, which would then electronically notify all CM/ECF participants on this case.

                                                */s/ David Crichlow*
                                                David Crichlow