UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHYTO TECH CORP. d/b/a BLUE CALIFORNIA,    Civil Action No. 19-cv-09033

        Plaintiff,

v.

GIVAUDAN SA,

        Defendant.

---

**GIVAUDAN SA'S OBJECTIONS TO THE LIQUIDATING TRUSTEE'S FINAL REPORT AND MOTION FOR APPROVAL OF THE TRUSTEE'S PROPOSED WIND UP AND DISSOLUTION OF BGN TECH, LLC**

Christopher J. Belter
Ryan G. Pitman
GOLDBERG SEGALLA LLP
711 3rd Avenue, Suite 1900
New York, New York 10017-4013
Phone: 646.292.8700
Fax:  646.292.8701
cbelter@goldbergsegalla.com
rpitman@goldbergsegalla.com

*Attorneys for Defendant Givaudan SA*

24739949.v2

Givaudan SA ("Givaudan") respectfully submits the following objection to the Liquidating Trustee's Final Report and Motion for Approval of the Trustee's Proposed Wind up and Dissolution of BGN Tech, LLC. Givaudan objects to a critical aspect of the Trustee's proposed compromise to the Post-Termination License Agreement ("PTLA") between Givaudan and Phyto Tech Corp. d/b/a Blue California ("Blue Cal"). Specifically, Givaudan objects to the Trustee's proposed exclusion from Givaudan's license of the Core IP set forth in Section 10.01(b)(i) of the PTLA as follows:

> "[t]hat any IP specifically licensed in the BASF Agreement that would otherwise fall within the definition of Core IP in this Agreement is expressly carved out from the definition of Core IP in this Agreement."

The Trustee's proposed compromise is objectionable because it: (1) unnecessarily attempts to resolve a fact-intensive inquiry involving parties not before the court without analysis of those facts or hearing from the parties at issue, (2) exceeds the Trustee's authority under the LLC Agreement, (3) needlessly introduces uncertainty as to Givaudan's freedom to operate its business, and (4) fails to fulfill the explicit written terms as agreed by the parties when they entered into the LLC Agreement. Therefore, Givaudan respectfully requests the proposed PTLA be revised to remove the added exclusion and revert the scope of Givaudan's exclusive license of Core IP to be as it was stated in the LLC Agreement agreed by the parties.

1. Givaudan objects to the Trustee's attempt to resolve the parties' dispute over the BASF License in the absence of relevant parties by modifying the PTLA originally agreed by Blue Cal and Givaudan. The Trustee attempts to resolve the dispute over the BASF license through a redefinition of the term "Core IP" because the trustee thought that litigating those issues was not worth the expense. But the parties to the BASF License, Conagen and BASF, are not parties before the Court, and any resolution of that dispute affects their interests. While Givaudan continues to

believe that Conagen improperly licensed rights to BASF, and that Givaudan was within its rights to seek to resolve the dispute, Givaudan accepts the Trustee's decision not to engage in the inquiry. But the Trustee should not then change the scope of the licenses under the PTLA as originally conceived and agreed by the parties in the LLC Agreement. Blue Cal agreed to provide an exclusive license to Givaudan to the Core IP. The parties do not dispute this point. LLC Agreement, at 13.07(b)(ii)(1). Blue Cal's position is that the BASF License does not conflict with the exclusive license of Core IP, because it believes Conagen licensed separate IP to BASF. So neither Givaudan or Blue Cal asked for an exclusion to the Core IP license to Givaudan. Givaudan simply asks the Trustee to grant the same license to which Blue Cal agreed.

      2.      The Trustee may not modify the PTLA under the LLC Agreement. The Trustee's ability to "sell, distribute, exchange, or otherwise dispose of" IP rights under the LLC Agreement is limited to those circumstances permitted under Sections 13.03 and 13.06 of the LLC Agreement. LLC Agreement, § 13.02. The only mention of the PTLA in those sections is a further limitation on the distribution of Blue Cal Contributed IP back to Blue Cal, making such a transfer subject to the grant of a PTLA under Section 13.07. The terms of the PTLA are not discussed at all in Sections 13.03 or 13.06, and are exclusively contained in Section 13.07. Thus, by modifying the terms of the PTLA, the Trustee exceeds its authority under the LLC Agreement. This analysis is unaffected by the Trustee's view that Givaudan waived its right to seek arbitration, as arbitration is only permitted to resolve "additional terms" to any PTLA, not to renegotiate the original essential terms of the PTLA, of which Givaudan's exclusive license to Core IP is paramount. LLC Agreement, at § 13.07(b)(ii)(1). For these reasons, Givaudan respectfully requests that the Trustee act within its authority to grant the PTLA that the parties agreed to under § 13.07, without modification.

2

24739949.v2

3.      The proposed exclusion to the Core IP license needlessly introduces uncertainty as to Givaudan's freedom to operate its business. For a portion of the Core IP, the Trustee's proposed solution does not even provide a non-exclusive license to Givaudan. In the Trustee's view, a factual inquiry as to overlap of the IP licensed under the BASF License and the Core IP and its attendant uncertainty in result was not a worthwhile expense to the LLC and thus decided not to engage in the factual inquiry. As a result, the exact scope of the exclusion to the Core IP proposed by the Trustee is left undetermined. The proposed exclusion puts into doubt whether Givaudan has sufficient rights to make, sell, offer for sale, and sublicense products using the Core IP. Since Blue Cal's position is that there is no overlap between the Core IP and the IP licensed under the BASF License, the Trustee did not need to introduce this uncertainty to find a compromise between the parties. Even though Givaudan maintains its position that Conagen improperly licensed rights to BASF, Givaudan's license to the Core IP can at the present time co-exist with the BASF License, because any dispute involving rights under the licenses could be resolved with due factual inquiry in another forum.

4.      The proposed PTLA fails to fulfill the explicit written terms as agreed by the parties when they entered into the LLC Agreement. Givaudan negotiated for the sole and exclusive right to commercially exploit the Core IP in the agreed Field and Blue Cal agreed. As the LLC Agreement clearly states, in the event of a termination, "Blue Cal shall grant to Givaudan a perpetual, worldwide, transferable, royalty-free, sublicensable, exclusive (even as to Blue Cal) license to use the Core IP within the Field." LLC Agreement, at § 13.07(b)(ii)(1). The agreed-upon license would provide Givaudan with the exclusive right to commercially exploit the Core IP by making and selling products covered by the Core IP, or by further licensing that Core IP to others. Givaudan contributed millions of dollars in capital in order to secure these rights. *See* LLC

3

Agreement, at § 3.02(a)-(c). Givaudan has not waived its right to receive the agreed-upon license, nor has Blue Cal asked to waive its performance under the Agreement. As a result, the PTLA should not include an ad hoc carve-out of "Core IP," especially a carve-out of undetermined scope and for which the Trustee admittedly states would require significant factual inquiry to resolve and then does not undertake that very inquiry.

Any proposed solution that involves an exclusion to its Core IP license is unacceptable to Givaudan, if for no other reason than because such acceptance could later be used against Givaudan and put into doubt its freedom to operate its business.

If the Court insists on trying to add further clarity to the PTLA with respect to the BASF License, instead of a carve-out to Core IP, Givaudan proposes this be accomplished by inserting into the PTLA a covenant by Blue Cal (i) not to sue or join in any lawsuit or claim brought against Givaudan under any of the Core IP, (ii) to agree to cause its affiliate Conagen to similarly covenant not to sue Givaudan under the Core IP, and (iii) and require that any subsequent owner of Core IP be required to provide the same covenant. Since Blue Cal takes the position that the IP licensed by Conagen to BASF was not Core IP, agreeing to such a covenant should be acceptable to Blue Cal.

For these reasons, Givaudan respectfully requests that the Trustee revise the proposed PTLA to provide for the exclusive license to Core IP that Givaudan and Blue Cal agreed to in the LLC Agreement without exclusions. Should the Trustee disagree, Givaudan further respectfully requests that the proposed PTLA at the very least be modified to ensure Givaudan's freedom to operate its business.

Dated: August 22, 2022

                                                GOLDBERG SEGALLA LLP

                                                By:   s/ Ryan G. Pitman
                                                      Christopher J. Belter
                                                        Ryan G. Pitman
                                                        665 Main Street
                                                        Buffalo, New York 14203-1425
                                                        Phone: 716.566.5400
                                                        Fax:    716.566.5401
                                                        cbelter@goldbergsegalla.com
                                                        rpitman@goldbergsegalla.com

                                                        *Attorneys for Defendant Givaudan SA*