```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
PHYTO TECH CORP. d/b/a BLUE CALIFORNIA,

                        Plaintiff,            Civil Action No.
                                              1:19-cv-09033-JGK
v.

GIVAUDAN SA,

                        Defendant.
-----------------------------------------------------------------
```

### LIQUIDATING TRUSTEE'S REPLY IN SUPPORT OF FINAL REPORT AND MOTION FOR APPROVAL OF PROPOSED WIND UP AND DISSOLUTION OF BGN TECH, LLC AND RESPONSE TO OBJECTION OF GIVAUDAN SA

Andrew De Camara, not individually, but solely in his capacity as the Court-appointed liquidating trustee (the "Trustee") of BGN Tech LLC ("BGN"), pursuant to the *Order Regarding Appointment of Liquidating Trustee* [Dkt. No. 44] (the "Appointment Order") entered by this Court on January 28, 2020, hereby submits this (i) reply in support of the *Liquidating Trustee's Final Report and Motion for Approval of Proposed Wind Up and Dissolution of BGN Tech, LLC* [D.I. 85] (the "Final Report and Motion")[1] and (ii) response to the objection of Givaudan SA ("Givaudan") to the Final Report and Motion [D.I. 87] (the "Objection"). In support hereof, the Trustee respectfully states as follows.

### PRELIMINARY STATEMENT

1. Givaudan's Objection fails to meet the standard to support a request that the Court disregard the Trustee's reasoned decision and recommendation for the distribution of the assets and wind up of BGN. Givaudan's request is fatally defective because it fails to allege or assert that the Trustee abused his discretion in reaching his determination or that he acted in an

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Final Report and Motion.

arbitrary or capricious manner. The Objection simply reveals one member's dissatisfaction with the resolution and determination of the distribution of intellectual property assets that were not defined under the original LLC Agreement between the Members (the other member supports the Trustee's determination and motion), and courts faced with a similar situation in dissolution proceedings have generally refused to disrupt a Trustee's determination simply because one stakeholder disagrees with the Trustee's recommendation. *See, e.g.*, *Acela Investments LLC v. DiFalco*, Case No. 2018-0558-AGB, 2020 WL 1987093, at *6-7 (Del. Ch. Apr. 27, 2020). The Court should do the same here for the reasons that follow.

## DISCUSSION

2. The Trustee set forth his basis for the proposed wind up and dissolution of BGN in the Final Report and Motion. The Trustee maintains the positions expressed therein.

3. The Objection to the Final Report and Motion filed by Givaudan should be overruled because (i) it does not establish – or even allege – an abuse of discretion by the Trustee and (ii) the Trustee's determinations and proposals with respect to the wind up and dissolution of BGN, including with respect to the Post-Dissolution License Agreement, are reasonable and entitled to deference.

A. **The Objection Should Be Overruled Because It Does Not Establish an Abuse of Discretion by the Trustee.**

4. In determining whether to approve a trustee's proposed plan of dissolution, courts apply the standard set forth in the appointment order. *See In re Dissolution of Jeffco Mgmt.*, Case No. 2018-0027-PAF, 2021 WL 282634, at *2 (Del. Ch. Jan. 28, 2021) (listing cases). Courts generally apply a "deferential standard of review when the action of an agent of the court is challenged . . . [A] decision will not be overturned as an abuse of discretion if the decision was based upon conscience and reason as opposed to capriciousness or arbitrariness." *Acela*

2

*Investments LLC v. DiFalco*, 2020 WL 1987093, at *6-7 (internal quotations omitted) (noting it "would make little sense for the court to casually disregard the Liquidating Trustee's decisions and recommendations" given that he is "indisputably independent and has no personal financial interest in the outcome"). *See also*, *In re 14 Realty Corp.*, Case No. 20129–VCS, 2009 WL 2490902, at *4, n.3 (Del. Ch. Aug. 4, 2009) (stating that language in trustee's appointment order requiring de novo review of trustee's decisions was "a regrettable choice of review standard" and that a trustee's decisions should instead be governed by his business judgment).

5. Here, the Appointment Order provides, *inter alia*, that "[a]ny actions by the Liquidating Trustee. . . shall be subject to reversal only after a finding by the Court that the Liquidating Trustee *abused his discretion*." See Appointment Order, at ¶ 7 (emphasis added). Therefore, the Trustee's proposed dissolution of BGN is subject to reversal only in the event the Trustee has abused his discretion.

6. Givaudan does not even assert in its Objection that the Trustee's proposals set forth in the Final Report and Motion constitute an abuse of discretion, much less establish facts which would support such a finding. Because the Objection does not demonstrate or even allege an abuse of discretion by the Trustee, it should be overruled.

B.  **Givaudan's Proposed Edits to the Post-Dissolution License Agreement Should be Rejected.**

7. Instead of discussing whether the Trustee's proposals in the Final Report and Motion constitute an abuse of discretion, Givaudan makes arguments related to the primary dispute the Trustee has been attempting to resolve with the parties during the entirety of this proceeding, namely the scope of Givaudan's license of "Core IP" pursuant to the Post-Dissolution License Agreement.

3

8. Even setting aside the Objection's fatal flaw that it does not allege an abuse of discretion, Givaudan's request in its Objection would completely change the Post-Dissolution License Agreement. The scope of the "Core IP" to be licensed to Givaudan was the primary dispute the Trustee analyzed in this proceeding and proposes to resolve in the Final Report and Motion. The Trustee engaged in significant diligence to resolve this issue. *See Final Report and Motion.* at 6 (detailing Trustee's process). The result of the diligence revealed a complicated set of circumstances that were not expressly contemplated by the LLC Agreement. As a result, the Trustee prepared the Post-Dissolution License Agreement which balances the positions of both parties, and with which the other BGN member involved in this proceeding agrees.

9. Moreover, the Trustee's determination regarding the scope of Core IP as set forth in the Post-Dissolution License Agreement is reasonable, especially in light of the Trustee's assessment of the parties' respective positions on the proper meaning of the terms within the definition of "Core IP" in the LLC Agreement, including the ***undefined*** term "Natural Vanillin". The members of BGN have been disputing the meaning of this term for years. It was Blue Cal's position that it included only the specific technology that Blue Cal and Givaudan were then developing. It was Givaudan's position that the term was broader, encompassing any technology related to what U.S. or European regulatory agencies would consider "natural vanillin." In the Trustee's assessment, neither party's position was baseless.

10. Further complicating the issue was the existence of the 2019 license between Conagen Inc. ("Conagen"), which is understood to be an affiliate of Blue Cal, and third-party BASF (such license, the "BASF License"), pursuant to which Conagen agreed to provide to BASF an *exclusive* license to certain intellectual property related to natural vanillin. Because Blue Cal (through Conagen) has already exclusively licensed certain natural vanillin IP to BASF,

it cannot now exclusively license it to Givaudan. Instead, Blue Cal can only exclusively license to Givaudan all the natural vanillin IP existing *outside* of the BASF License. The Trustee, as a result of an investigation by, and advice from, counsel, determined that this was reasonable, and accordingly, the Post-Dissolution License Agreement includes Givaudan's broader definition of "Natural Vanillin," but then carves out the natural vanillin IP specifically licensed to BASF. Givaudan's proposed alternative – a broad definition of Core IP to include all intellectual property related to natural vanillin without an exclusion for the BASF natural vanillin – is untenable and arguably would result in Blue Cal being in breach of the Post-Dissolution License Agreement immediately upon execution.

11. Overall, Givaudan's Objection on this point is simply a re-hashing of the position it has discussed with the Trustee on numerous occasions and only indicates that Givaudan disagrees with the Trustee's proposal. However, it does not establish an abuse of discretion by the Trustee.

C. **Givaudan's Remaining Arguments Set Forth in the Objection are Baseless.**

12. Givaudan raises a number of additional arguments in support of its Objection. While none rise to the level of establishing an abuse of discretion even if credited, the Trustee responds to clarify the record.

13. Givaudan argues that neither party, including Blue Cal, requested for the exclusion set forth in the Post-Dissolution License Agreement. *See* Objection, at ¶¶ 1, 3. On the contrary, Blue Cal has not objected to the Trustee's proposal and the Trustee understands that Blue Cal actually supports it.

14. Givaudan also argues that Conagen and BASF are not parties to this matter, and seems to suggest that granting the Trustee's Final Report and Motion would be inappropriate

5

without those third parties being present in this proceeding. That argument is a red herring. Nothing in the Trustee's proposed distribution and wind up adversely affects BASF and Conagen. The parties that could be affected adversely (or otherwise) by the Trustee's determination are BGN's two Members, who are parties to this proceeding, and who have the opportunity to be heard on any issue herein, and to object to any proposal for the wind up of BGN – a right to which Givaudan availed itself. Because the proposed Post-Dissolution License Agreement is intentionally written to exclude the intellectual property exclusively licensed to BASF such that those non-parties' interests are not implicated, and there is no showing or allegation of abuse of discretion by the Trustee, Givaudan's complaint about the lack of "third parties'" participation is meritless, and its opposition should be rejected by the Court.

15.     Givaudan argues that the Trustee may not modify the Post-Dissolution License Agreement under the LLC Agreement. (*Id*. at ¶ 2.) However, there was no Post-Dissolution License Agreement set forth in the LLC Agreement. The Trustee did not "modify" anything, but rather, through the exercise of conscience and rational decision making, taking into account the complex set of circumstances not expressly contemplated in the LLC Agreement, prepared a reasonable Post-Dissolution License Agreement to resolve the disputes between BGN's members and finally provide for the wind up and dissolution of BGN. Ironically, Givaudan acknowledges in its Objection that section 13.07(b)(ii)(1) of the LLC Agreement *requires* the preparation and execution of a Post-Dissolution License Agreement upon dissolution.

16.     Givaudan's other points in its Objection are not relevant to the Court's decision, and do not establish or even allege that the Trustee has abused his discretion in proposing the wind up of BGN and the Post-Dissolution License Agreement and should be disregarded.

**CONCLUSION**

WHEREFORE, the Liquidating Trustee respectfully requests that the Court (i) overrule the Objection and (ii) enter the Proposed Order approving and granting the Final Report and Motion.

Dated: August 31, 2022

                                                                        Respectfully submitted,

                                                                         */s/David A. Crichlow*
                                                                         KATTEN MUCHIN ROSENMAN LLP
                                                                         David A. Crichlow
                                                                         50 Rockefeller Plaza
                                                                         New York, NY 10020
                                                                         Telephone: (212) 940-8800
                                                                         Facsimile: (212) 940-8876
                                                                         Email: david.crichlow@katten.com

                                                                         *Counsel for the Liquidating Trustee*

**Certificate of Service**

I hereby certify that on August 31, 2022, I electronically filed the foregoing *Liquidating Trustee's Reply in Support of Final Report and Motion for Approval of Proposed Wind Up and Dissolution of BGN Tech, LLC and Response to Objection of Givaudan SA* with the Clerk of the United States District Court, Southern District of New York using the CM/ECF system, which would then electronically notify all CM/ECF participants on this case.

US_154137366v5