UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
PHYTO TECH CORP. d/b/a BLUE CALIFORNIA,  :
                              Plaintiff,        :    19-CV-09033 (JGK)

v.  :

GIVAUDAN SA  :

                              Defendant.  :
------------------------------------------------- x

**PHYTO TECH CORP. d/b/a BLUE CALIFORNIA'S RESPONSE TO GIVAUDAN SA'S OBJECTIONS TO THE LIQUIDATING TRUSTEE'S FINAL REPORT AND MOTION FOR APPROVAL OF THE TRUSTEE'S PROPOSED WIND UP AND DISSOLUTION OF BGN TECH, LLC**

Katherine A. Helm
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
Tel. (212) 698-3500
khelm@dechert.com

Martin J. Black (*pro hac vice*)
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel. (215) 994-4000
martin.black@dechert.com

*Attorneys for Defendants Phyto Tech Corp. and Conagen Inc.*

Plaintiff Phyto Tech Corp. d/b/a Blue California ("Blue Cal") respectfully submits the following response to Givaudan SA's ("Givaudan") Objection to the Liquidating Trustee's Final Report and Motion for Approval of the Trustee's Proposed Wind Up and Dissolution of BGN Tech, LLC. Dkt. No. 87.

Givaudan objects to Section 10.01(b)(i) of the Trustee's proposed Post-Termination License Agreement ("PTLA"), which excludes from the definition of "Core IP", certain intellectual property arising out of a transaction between Blue Cal affiliate Conagen, Inc. ("Conagen") and BASF SE. The provision in dispute states:

> "[t]hat any IP specifically licensed in the BASF Agreement that would otherwise fall within the definition of Core IP in this Agreement is expressly carved out from the definition of Core IP in this Agreement."

Dkt. No. 85-1, at 25. For the reasons below, Blue Cal respectfully requests that the Court overrule Givaudan's objections and enter the PTLA as proposed by the Trustee.

1. Contrary to Givaudan's claim, the proposed PTLA does not exceed the Trustee's authority under the BGN LLC Agreement. Section 13.02 of the BGN LLC Agreement, entitled "Winding Up," grants the Liquidator the broad "authori[ty] to sell, assign, encumber or otherwise dispose of any or all of the assets of the Company and to wind up and liquidate the affairs of the Company in an orderly and business-like manner." The Trustee's role is to exercise business judgement in resolving disputes between the members of BGN precisely because they have been unable to agree to the terms of dissolution on their own.

2. While there are aspects of the dissolution plan that Blue Cal is unhappy with, Blue Cal also recognizes that is not the legal standard for challenging a plan of dissolution. The Trustee has exercised reasonable business judgment in proposing the overall plan, and it would be inequitable to upset the balance he struck.

1

3. The Trustee certainly did not abuse his discretion in relation to the proposed compromise of the BASF IP litigation. As noted in the Trustee's Final Report, the dispute raises a complicated set of circumstances that were not expressly contemplated by the BGN LLC Agreement. Dkt. No. 85, ¶ 14. The Trustee correctly concluded that "litigation would likely be necessary, …[which] would take time and result in substantial expenditures of legal and other fees." *Id*. Blue Cal would, if forced to continue litigating, vigorously defend its position that the Core IP in the agreement was not meant to include any and all ways of making natural vanillin. And given the Court's entry of final judgment that Givaudan breached the confidentiality provision of the BGN LLC Agreement, Givaudan would be barred by unclean hands from obtaining any relief anyway. At the minimum, the parties would have years of litigation and appeals ahead of them. The Trustee's decision to settle the dispute is manifestly reasonable.

In conclusion, Blue Cal respectfully requests that the Court overrule Givaudan's objections and adopt the PTLA as originally drafted by the Trustee.

Dated: August 31, 2022                                                   Respectfully submitted,

                                                              By:   */s/ Katherine A. Helm*

                                                                 Katherine A. Helm
                                                                 DECHERT LLP
                                                                 Three Bryant Park
                                                                 1095 Avenue of the Americas
                                                                 New York, New York 10036
                                                                 Tel. (212) 698-3500
                                                                 khelm@dechert.com

Martin J. Black (*pro hac vice*)
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel. (215) 994-4000
martin.black@dechert.com

*Attorneys for Defendants Phyto Tech Corp. and Conagen Inc.*