**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------
**PHYTO TECH CORP. d/b/a BLUE CALIFORNIA,**

                    **Plaintiff,**                              **Civil Action No.**
                                                                **1:19-cv-09033-JGK**

**v.**

**GIVAUDAN SA,**

                    **Defendant.**
-------------------------------------------------------------------

### LIQUIDATING TRUSTEE'S SUR-REPLY IN SUPPORT OF FINAL REPORT AND MOTION FOR APPROVAL OF PROPOSED WIND UP AND DISSOLUTION OF BGN TECH, LLC AND RESPONSE TO REPLY OF GIVAUDAN SA

Andrew De Camara, not individually, but solely in his capacity as the Court-appointed liquidating trustee (the "Trustee") of BGN Tech LLC ("BGN"), pursuant to the *Order Regarding Appointment of Liquidating Trustee* [Dkt. No. 44] (the "Appointment Order") entered by this Court on January 28, 2020, hereby submits this sur-reply (this "Sur-Reply") in support of the *Liquidating Trustee's Final Report and Motion for Approval of Proposed Wind Up and Dissolution of BGN Tech, LLC* [D.I. 85] (the "Final Report and Motion")[1] and in response to the reply [D.I. 92] (the "Givaudan Reply") of Givaudan SA ("Givaudan") in support of its objection to the Final Report and Motion [D.I. 87] (the "Givaudan Objection"). In support hereof, the Trustee respectfully states as follows.

### PRELIMINARY STATEMENT

1.      After receiving, and having an opportunity to consider fully the Trustee's Final Report and Motion, the initial Givaudan Objection was fatally defective because it failed to even

---

[1] Except as otherwise indicated, capitalized terms used herein have the meanings ascribed to such terms in the Final Report and Motion.

allege that the Trustee abused his discretion. If Givaudan truly believed the Trustee abused his discretion, one would expect such an argument would be made immediately upon responding to the Final Report and Motion. It was not, because, for the reasons set forth in the Final Report and Motion and the Trustee's Reply (as defined below), Givaudan could not credibly make such an assertion. After the Trustee asserted in the Trustee's Reply that Givaudan's failure to assert abuse of discretion was defective to the Givaudan Objection, Givaudan, in its reply — for the first time — facially alleged an abuse of discretion. Noteworthy, is the fact that, despite conclusory allegations, the Givaudan Reply does not actually establish facts showing any such abuse. Instead, it raises completely new arguments that were not asserted in the Givaudan Objection, and which Givaudan has never asserted during the Trustee's appointment.

       2.       Givaudan's primary argument (now) is that the Trustee does not have authority to "force" the Members to execute the PTLA.[2] Givaudan's focus on this argument is flawed. The Trustee is not attempting to force the Members to enter the PTLA but has proposed to the Court the best method to wind up BGN. Both Members agreed that a PTLA between the Members must be completed in connection with the dissolution, because, according to the BGN LLC Agreement, the distribution of certain IP is made subject to a PTLA. The Court certainly has the power to order the parties to comply with the proposed wind up. Having never previously challenged the Trustee's authority in that regard, it is clear that Givaudan's true motives relate not to whether the Trustee may propose the PTLA, but instead demonstrate that Givaudan — unlike the other Member — is simply dissatisfied with the Trustee's proposal. One member's unilateral dissatisfaction with the Trustee's wind-up proposal does not equate to an abuse of

---

[2] The Trustee's Final Report and Motion and the Trustee's Reply refer to the "PTLA" as the "Post-Dissolution License Agreement", while the Givaudan Objection and Givaudan Reply use the term "PTLA." For simplicity purposes, the Trustee refers to it herein as the PTLA.

US_154431991v3

discretion. *See*, *e.g.*, *Acela Investments LLC v. DiFalco*, Case No. 2018-0558-AGB, 2020 WL 1987093, at *6-7 (Del. Ch. Apr. 27, 2020).

3.       Accordingly, for these reasons, and those that follow, the Court should overrule the Givaudan Objection and Givaudan Reply and approve the Final Report and Motion.[3]

## DISCUSSION

### A.       Relevant Procedural Background.

4.       On August 5, 2022, the Trustee filed the Final Report and Motion, seeking the Court's approval of the Trustee's proposed compromise and wind up of BGN.

5.       On August 22, 2022, Givaudan, a Member of BGN, filed the Givaudan Objection, to which the Trustee filed its reply on August 31, 2022 [D.I. 88] (the "Trustee's Reply"). The other Member of BGN, Phyto Tech Corp., also filed a pleading supporting the Final Report and Motion on August 31, 2022 [D.I. 89]. On September 9, 2022, Givaudan filed the Givaudan Reply in response to the Trustee's Reply.

6.       On September 14, 2022, the Court entered an Order [D.I. 95] authorizing the Trustee to respond to the Givaudan Reply by September 29, 2022.

### B.       The Givaudan Reply is Procedurally Improper and Should Be Disregarded.

7.       As Givaudan should know, the Court must apply the standard set forth in the Appointment Order in determining whether to approve the Trustee's proposals. *See In re Dissolution of Jeffco Mgmt.*, Case No. 2018-0027-PAF, 2021 WL 282634, at *2 (Del. Ch. Jan. 28, 2021). Here, Givaudan was on notice that the applicable standard is an abuse of discretion. *See* Appointment Order, at ¶ 7.

---

[3] The Court may also, in its discretion, strike Givaudan's reply as it raised wholly new arguments that it had the opportunity to raise in its Objection, and which it did not — until the Trustee revealed in its reply that Givaudan's Objection was fatally defective and did not meet the standard to support the Court's rejection of the Trustee's recommendation. *See Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136, 144 (S.D.N.Y. 2013) ("[A]rguments may not be made for the first time in a reply brief.") (citing *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir.1993)).

US_154431991v3

8.      Givaudan did not assert an abuse of discretion by the Trustee in the Givaudan Objection. Rather, it asserted that argument for the first time in the Givaudan Reply, after the Trustee noted this clear deficiency in the Trustee's Reply. As set forth in the Trustee's letter filed with the Court on September 13, 2022 [D.I. 94], a party may not raise a new argument for the first time in a reply brief. *See Bravia Capital Partners, Inc. v. Fike*, 296 F.R.D. 136, 144 (S.D.N.Y. 2013) ("[A]rguments may not be made for the first time in a reply brief.") (citing *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir.1993)); *Morgan v. McElroy*, 981 F. Supp. 873, 876 n. 3 (S.D.N.Y. 1997) ("It is well settled in the Second Circuit that a party may not raise an argument for the first time in his reply brief."). Accordingly, the argument that the Trustee abused its discretion, argued for the first time in the Givaudan Reply, should be disregarded. Without an argument that the Trustee abused its discretion, the Givaudan Objection cannot be sustained.

## C.      The Givaudan Reply Does Not Establish an Abuse of Discretion.

9.      Even if the Court considers the Givaudan Reply, Givaudan has not established facts showing an abuse of discretion by the Trustee. The primary substantive argument in the Givaudan Reply is that the proposed PTLA is improper because the Trustee, as a representative of only BGN, does not have authority to "force" the Members to enter a PTLA. While the Trustee's authority in this proceeding is broad,[4] Givaudan's claims on this point demonstrate a misunderstanding of the Trustee's role and proposal for the wind up of BGN.

10.      It is beyond dispute that the main issue hindering the dissolution of BGN, both prior and subsequent to the Trustee's appointment, has been the negotiation of the PTLA. Both parties recognize the PTLA must be finalized in connection with BGN's dissolution pursuant to

---

[4] As set forth in the Appointment Order, the Trustee was specifically given "full control and dominion over the dissolution and liquidation of BGN." *See* Appointment Order, at ¶ 3.

US_154431991v3

the BGN LLC Agreement. Further, both parties recognize that the parties to the PTLA should be the Members, Givaudan and Blue Cal. Accordingly, the Trustee's principal focus, as described in the Final Report and Motion and status reports filed with the Court, has been to facilitate a resolution between the Members regarding the form and scope of the PTLA. Though both Members engaged in good faith negotiations with the Trustee, they were not able to reach a consensus, resulting in the Trustee *proposing to the Court* the compromises which he believes, based on his experience and informed discretion, to be fair and reasonable. The Trustee has never purported to be authorized to *force* the Members to execute the proposed PTLA or to order them to do so. The Court holds that ultimate authority if it ultimately agrees with the Trustee's recommendations.[5]

11.     Additionally, despite engaging with the Trustee over the last year regarding the PTLA, Givaudan has never questioned the Trustee's authority to propose a compromise to the Court. Indeed, Givaudan could not have in good faith recognized the PTLA as the primary hindrance to the dissolution of BGN, agreed to the appointment of a Trustee, and engaged in over a year of negotiations with the Trustee to only now argue that the Trustee does not have authority to propose a resolution.

12.     Instead, Givaudan's last-minute assertion that the Trustee abused his discretion is simply a manufactured and pre-textual argument motivated by Givaudan's discontent with the Trustee's ultimate findings and recommendations regarding the best interests of BGN. Clearly, Givaudan's dissatisfaction does not equate to an abuse of discretion by the Trustee. Had the Trustee proposed the PTLA on terms that Givaudan recommended, it would have no objection — and at no time prior to making its own request for certain PTLA terms that Givaudan thought would be beneficial to its own interests, and the way it viewed its legal rights, did Givaudan

---

[5] *See id.* at ¶ 4 (requiring Trustee to submit proposed distributions to Court for approval).

suggest to the Trustee that it would not have authority to propose a court approval and enforcement of the PTLA.

13.     With no credible assertion or support for a claim of abuse of discretion — which was only asserted for the first time on reply — there is no basis to sustain Givaudan's Objection. *See*, *e.g.*, *Acela Investments LLC v. DiFalco*, Case No. 2018-0558-AGB, 2020 WL 1987093, at *6-7 (Del. Ch. Apr. 27, 2020).

WHEREFORE, the Trustee respectfully requests that the Court (i) overrule the Givaudan Objection and Givaudan Reply and (ii) enter the Proposed Order approving and granting the Final Report and Motion.

Dated: September 29, 2022

Respectfully submitted,

*/s/David A. Crichlow*
KATTEN MUCHIN ROSENMAN LLP
David A. Crichlow
50 Rockefeller Plaza
New York, NY 10020
Telephone: (212) 940-8800
Facsimile: (212) 940-8876
Email: david.crichlow@katten.com

*Counsel for the Liquidating Trustee*

6

## Certificate of Service

I hereby certify that on September 29, 2022, I electronically filed the foregoing *Liquidating Trustee's Sur-Reply in Support of Final Report and Motion for Approval of Proposed Wind Up and Dissolution of BGN Tech, LLC and Response to Reply of Givaudan SA* with the Clerk of the United States District Court, Southern District of New York using the CM/ECF system, which would then electronically notify all CM/ECF participants on this case.