```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────
PHTYO TECH CORP. d/b/a BLUE
CALIFORNIA,                                    19-cv-9033 (JGK)

                    Plaintiff,                 MEMORANDUM OPINION
                                               AND ORDER
        - against -

GIVAUDAN SA,

                    Defendant.
───────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

The plaintiff, Phyto Tech Corp. d/b/a Blue California ("Blue Cal"), has moved to enforce this Court's November 21, 2022 Order (the "Dissolution Order") approving a proposed plan for the wind-up and dissolution of BGN Tech, LLC ("BGN"), the plaintiff's joint venture with the defendant, Givaudan SA ("Givaudan"), while Givaudan's appeal from the Dissolution Order is pending. For the reasons set forth below, the motion to enforce the Dissolution Order is **granted** in a separate Order filed concurrently with this Memorandum Opinion.

Blue Cal brought this action against Givaudan in 2019, seeking the appointment of a liquidating trustee to wind up the affairs of BGN, a limited liability company with Givaudan and Blue Cal as its sole members. In August 2022, court-appointed trustee Andrew De Camara (the "Trustee") requested the Court's approval of the Trustee's Final Report and plan for the proposed wind-up and dissolution of BGN. See ECF No. 85. Givaudan objected

for the limited purpose of contesting specific provisions in the Trustee's proposed Post-Termination Licensing Agreement ("PTLA"), which governs the distribution of BGN's intellectual property ("IP") rights and assets, but Givaudan did not otherwise object to the contents of the Trustee's plan. ECF No. 87. On November 21, 2022, this Court issued the Dissolution Order, ECF No. 100, as well as a sealed Memorandum Opinion and Order, which together overruled Givaudan's objection relating to certain IP provisions and granted the Trustee's motion for approval in full. The Dissolution Order stated, in pertinent part, as follows:

> The Trustee's proposed wind down and dissolution of BGN as described in the Final Report and Motion [for Approval], including, without limitation, with respect to . . . (i) the proposed distribution of the Liquid Assets, (ii) the Distribution Agreement, and (iii) the Post-Dissolution License Agreement, are hereby approved in their entirety. The Trustee may make non-substantive and conforming revisions to, or any revisions agreed upon between the Members, as necessary or desirable to finalize the foregoing.

<u>Id.</u> ¶ 3.[1] Givaudan appealed from the Dissolution Order on December 21, 2022. ECF No. 103. As Givaudan itself explains, that appeal "concerns [only] the proposed PTLA and the determination of the [p]arties' respective IP rights and property." Givaudan Response, ECF No. 114, at ¶ 8. Givaudan never sought a stay of any aspect of the Dissolution Order pending its appeal, nor did it request

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

2

expedited review in the Court of Appeals for the Second Circuit. See Phyto Tech Corp., AKA Blue California v. Givaudan SA, No. 22-3192 (2d Cir. docketed Dec. 22, 2022).

Shortly after Givaudan appealed, the Trustee filed a motion with this Court seeking to stay the effects of paragraphs 4 and 5 of the Dissolution Order, which relate to certain continuing rights and responsibilities of the Trustee, out of concern that these provisions would hinder the Trustee's ability to partake in the appeal process. ECF No. 104. The Court ordered Blue Cal and Givaudan to respond. Blue Cal did not take issue with the Trustee's request, but it emphasized the fact that the "Trustee ha[d] not requested a stay of Paragraphs 1-3 of the [Dissolution] Order governing the distribution of partnership assets," and it accordingly sought clarification that "nothing in the order on [the Trustee's] [m]otion stays the operation of Paragraphs 1-3 . . . and that the Liquidating Trustee should proceed with the wind-up [of BGN] forthwith." ECF No. 106 at 2. Givaudan never responded to the Trustee's motion for a stay of paragraphs 4 and 5 of the Dissolution Order or to Blue Cal's suggestion that paragraphs 1-3 of the Dissolution Order should remain in effect pending appeal. On January 11, 2023, this Court granted the Trustee's request to stay paragraphs 4 and 5 of the Dissolution Order only, pending resolution of Givaudan's appeal from that

3

Order. ECF No. 107 (the "Stay Order"). Givaudan then appealed from the Stay Order as well. ECF No. 109.

Consistent with paragraph 3 of the Dissolution Order, which was not stayed pending appeal, the Trustee contacted Blue Cal and Givaudan to arrange for the distribution of certain cash assets pursuant to the terms of the Trustee's approved dissolution plan. See Trustee's Response, ECF No. 115, at ¶ 3. The proposed cash distribution "would occur while Givaudan's appeal of the Court's . . . Dissolution Order[] moved forward," subject to, among other conditions, an "agreement between the parties consenting to the proposed distribution terms." Id. Blue Cal agreed to the proposed distribution of cash assets, but Givaudan never responded to the Trustee's request. Id. In light of Givaudan's refusal to respond, the Trustee has refrained from distributing BGN's cash assets in accordance with the Dissolution Order.

On February 23, 2023, Blue Cal filed its motion to enforce the Dissolution Order, seeking "an instruction to the Trustee to proceed with the distribution of the BGN funds forthwith." Blue Cal Motion, ECF No. 110, at 3. In opposition, Givaudan contends that "[a]ny distribution of BGN's liquid assets or cash should . . . wait until the terms of the PTLA are finally resolved by way of [its] . . . appeal." Givaudan Response ¶ 11. It is plain that Givaudan disagrees with certain aspects of the Dissolution Order and takes issue with its enforcement while the appeal from

4

that Order is pending. But a stay of the enforcement of an order "is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." Nken v. Holder, 556 U.S. 418, 427 (2009). Thus, the fact that Givaudan has filed an appeal is not enough to delay the execution of the relevant provisions of the Dissolution Order. To achieve such a result, a party must move for a stay pending appeal, and "bear[] the 'difficult burden' of demonstrating that a stay is necessary." Make Road N.Y. v. Cuccinelli, No. 19-cv-7993, 2019 WL 6498283, at *1 (S.D.N.Y. Dec. 2, 2019) (quoting Floyd v. City of New York, 959 F. Supp. 2d 691, 693 (S.D.N.Y. 2013); see Fed. R. App. Pro. 8(a). In this case, Givaudan never sought a stay pending its appeal of the Dissolution Order, either from this Court or from the Court of Appeals for the Second Circuit. Nor did Givaudan request a stay of paragraphs 1-3 of the Dissolution Order (i.e., the paragraphs that authorize the Trustee to carry out its dissolution plan) when it appealed from the Stay Order's limited authorization of a stay for paragraphs 4 and 5.

To the extent Givaudan's response to Blue Cal's motion can be construed as a request for a stay, Givaudan does not even attempt to make the necessary showing. "In deciding whether to issue a stay pending appeal, a court must consider four factors: '(1) whether the stay applicant has made a strong showing that

he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Usherson v. Bandshell Artist Mgmt., No. 19-cv-6368, 2020 WL 4228754, at *1 (S.D.N.Y. July 22, 2020) (quoting Nken, 556 U.S. at 434). Givaudan's response does not address these factors at all, and accordingly, Givaudan does "not come close to carrying [its] heavy burden" of "demonstrating that a stay is warranted." Id. at *1-2. Finally, Givaudan has made no effort to post a bond in order to attain a stay. See Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security.").

In light of all the above, no basis exists to stay or delay the enforcement of the Dissolution Order pending the resolution of Givaudan's appeal. Accordingly, Blue Cal's motion to enforce the Dissolution Order is **granted**, as set forth in the separate Order filed concurrently with this Memorandum Opinion.

The Clerk is respectfully directed to close ECF No. 110.

**SO ORDERED.**

Dated:   New York, New York
         March 16, 2023

                                        _____
                                          John G. Koeltl
                                        United States District Judge